PaLFwanC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v.                                 25 Cr. 473 (JPO)

JOSHUA WANDER,

                                        Conference
              Defendant.

------------------------------x

                                   New York, N.Y.
                                   October 21, 2025
                                   3:00 p.m.


Before:

                 HON. J. PAUL OETKEN,

                                   District Judge

                      APPEARANCES

JAY CLAYTON
     United States Attorney for the
     Southern District of New York
BY:  ALEXANDRA ROTHMAN
     MARGUERITE COLSON
     SARAH MORTAZAVI
     Assistant United States Attorneys

JORDAN ESTES
SAMUEL RAYMOND
     Attorneys for Defendant

                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

PaLFwanC

THE DEPUTY CLERK:  This is in the matter of *The United States of America v. Joshua Wander.*

Starting with the government, counsel, please state your appearance for the record.

MS. ROTHMAN:  Good afternoon, your Honor.

Alexandra Rothman, Marguerite Colson and Sarah Mortazavi for the United States.

THE COURT:  Good afternoon.

MS. ESTES:  Good afternoon, your Honor.

Jordan Estes and Sam Raymond from Gibson Dunn on behalf of Mr. Wander.

THE COURT:  Good afternoon.

This is an initial conference before me.  I'm Judge Oetken.  I'm the district judge who's been assigned to this case.

Just to confirm, Ms. Rothman, has the defendant been arraigned before the magistrate judge on the indictment?

MS. ROTHMAN:  Yes, your Honor.

He was arraigned on October 16.

THE COURT:  All right.  Why don't we start by, I'll ask the government if you'd please just describe the nature of the case, and then the categories of discovery that you expect to produce at Rule 16 discovery and your expected timing on production.

MS. ROTHMAN:  Yes, your Honor.

PaLFwanC

The defendant is charged, as the Court knows, in a four-count indictment arising from a fraud scheme on the private lenders and investors of 777 Partners, the defendant's private investment firm.

The government expects the evidence in this case will show that defendant borrowed hundreds of millions of dollars from private lenders by pledging collateral to the lenders that the defendant either did not own or had pledged to other lenders.

The funds the defendant borrowed from these lenders were restricted and only could be used to purchase things that are known as structured settlements or lottery receivables. The defendant disregarded that limitation, and instead, used the fund for capital-intensive investments, such as purchasing soccer teams and airlines.

To raise desperately needed cash for 777 Partners, the defendant issued preferred equity in 777 Partners, raising more than a $100 million from investors, based on misrepresentations regarding the 777 Partners business.

The defendant took steps to conceal that his loans from the lenders were insufficiently collateralized. By 2021 and 2022, he directed others at 777 Partners to transfer collateral between lenders and then take screenshots of the assets to make it appear that a particular lender was sufficiently collateralized. And as the financial condition of

PaLFwanC

777 Partners worsened, the defendant directed others at 777 Partners to use an application known as Microsoft Paint to doctor and inflate bank account statements.

In March 2023, it came to the attention of one of 777 Partners's lenders that their collateral had been pledged to another lender.  This lender confronted the defendant about the double pledging of assets and the defendant, in recorded calls, lied, blaming the issue on a computer glitch and assuring the lenders that they would be made whole.

And that, your Honor, never happened.  In 2024, 777 Partners, declared bankruptcy, still owing its lenders hundreds of millions of dollars.

And that's a brief overview of the case, your Honor.

THE COURT:  Thank you.

And then categories of discovery.

MS. ROTHMAN:  Yes, your Honor.

As for discovery, the government documents obtained from 777 Partners and from third parties, including lenders, individuals, banks, and investors that consist of emails, text messages, cell phone extractions, financial records.

In terms of timing, your Honor, we expect to submit to the Court a proposed protective order within the next few days and then would make a small first production to the defense this week of some legal process, including a cell site

PaLFwanC

warrant, some law enforcement reports.  And then we'd ask for another three or four weeks to produce the larger volume of discovery materials to the defendant.  That material is currently housed in our Relatively data management program, and it takes a few weeks to run an export.

And I expect there could be some additional discovery on a rolling basis, thereafter.

THE COURT:  It is voluminous, would you say?

Were there multiple cell phone extractions?

MS. ROTHMAN:  Your Honor, there are two cell phone extractions for the defendant and for Steven Pasko, who worked at 777 Partners.

As for the volume, the current volume is around 600,000 documents and, likely, more pages than that.

THE COURT:  Do you know at this point whether the government anticipates superseding with additional defendants and/or charges?

MS. ROTHMAN:  Your Honor, it is possible the government will bring additional charges in this case, both against the defendant and against other individuals.

THE COURT:  All right.  And so, Ms. Estes, as you probably know from prior work in this courthouse, I usually ask the parties whether you want to go ahead and set deadlines for motions at this point and, potentially, a trial date, if you'd like, or, if you prefer, we can set a date to come back when

PaLFwanC

you've had a chance to review a substantial amount of the discovery and then set a schedule at that point.

Do you have a preference?

MS. ESTES:  Yes, your Honor.

We would like an opportunity to review and digest the discovery, so we would suggest coming back maybe a little before Christmas or a little after the New Year when we've had the opportunity to do that.

THE COURT:  What does the government think about that?

MS. ROTHMAN:  That's acceptable to the government, your Honor.

THE COURT:  Okay.  Great.

So we could look at -- let me look at my schedule.

The week of December 22 probably isn't great because a lot of people will be traveling.  We could do December 18, or 19th or we could look at the week of January 5 or 12.

Do you all have a preference among those?

MS. ROTHMAN:  Your Honor, I think either the 18th or the 19th or early January would work for the government.

MS. ESTES:  Your Honor, I think we have a slight preference for January, if that works for the Court.

THE COURT:  Sure.

That week of January 5, any particular -- I'm fairly open, I think.  We could do, say, January -- 7th or 8th or 9th.

MS. ROTHMAN:  That's fine with the government.

PaLFwanC

MS. ESTES:  That works for us, your Honor.

Thank you.

THE COURT:  Any of those are fine?

MS. ESTES:  Any of those are fine.

MS. ROTHMAN:  Yes, your Honor.

THE COURT:  All right.  Why don't we do Thursday, January 8, at noon, if that's all right with you all.

MS. ROTHMAN:  That works for the government.

Thank you, your Honor.

MS. ESTES:  That works for us.

Thank you, your Honor.

THE COURT:  Great.  Next conference will be January 8, 2026 at 12 o'clock noon, here in this courtroom.  And at that point, we'll, hopefully, be in a position to talk about whether there are any anticipated motions to be filed by the defense, to set a schedule for the filing of those motions, get an update with any discovery issues you'd like to address and any other issues you'd like to address, and we'll go from there.

Anything from the defense you'd like to address today?

MS. ESTES:  No, your Honor.

Thank you very much.

THE COURT:  Anything else from the government?

MS. ROTHMAN:  Your Honor, just a request to exclude time under the Speedy Trial Act.  As I understand it, time has

PaLFwanC

been excluded until tomorrow, October 22.  We'd move to exclude time, I guess, between tomorrow and January 8, 2026, so the government can produce discovery, the defense can review that discovery, prepare motions, if there are any, the parties can litigate and/or prepare for trial.

THE COURT:  Any objection?

MS. ESTES:  No objection.

THE COURT:  That motion is granted, and time is hereby excluded under the Speedy Trial Act through January 2026s, the date of the next conference.  And I find the ends of justice, by granting this continuance, outweigh the best interests of the public and the defendant in a treat speedy trial for the reasons stated by the government.

And I'll see you, all, then.

Thanks, everybody.

We are adjourned.

MS. ROTHMAN:  Thank you, your Honor.

MS. ESTES:  Thank you, your Honor.