Q18EWANC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

                    v.                          25 Cr. 473 (JPO)

JOSHUA WANDER,

                                                Conference
                    Defendant.

------------------------------x

                                                New York, N.Y.
                                                January 8, 2026
                                                10:30 a.m.

Before:

                    HON. J. PAUL OETKEN,

                                                District Judge

                         APPEARANCES

JAY CLAYTON
     United States Attorney for the
     Southern District of New York
BY:  ALEXANDRA ROTHMAN
     MARGUERITE B. COLSON
     Assistant United States Attorneys

GIBSON, DUNN & CRUTCHER LLP
     Attorneys for Defendant
BY:  JORDAN L. ESTES
     MICHAEL MARTINEZ
     SAMUEL RAYMOND

Q18EWANC

(Case called)

MS. ROTHMAN:  Good morning, your Honor.

Alexandra Rothman and Marguerite Colson for the United States.

THE COURT:  Good morning.

MS. ESTES:  Good morning, your Honor.

Jordan Estes from Gibson Dunn on behalf of Mr. Wander, and I'm joined at counsel table by Mr. Mike Martinez and Sam Raymond, also from Gibson Dunn.  Mr. Wander is also up here from Florida.  And for your Honor's benefit, I would note that his parents are also in the courtroom here today.

THE COURT:  Good morning.

MR. MARTINEZ:  Good morning, your Honor.

MR. RAYMOND:  Thank you, your Honor.

THE COURT:  So we had our last conference on October 21 and we discussed anticipated Rule 16 production by the government, so I'll start with getting an update on where things stand with production of discovery.

MS. ROTHMAN:  Yes, your Honor.

To date, the government has made two productions of its discovery material.  Those consist of extractions from the defendant's devices, materials obtained from third parties, materials obtained from 777, the defendant's prior business. We have a third production that we intend to make to the defendant.  We obtained a drive from counsel earlier today.

Q18EWANC

With that third production, I expect that our discovery will be substantially complete. I do envision there will be small materials that we obtain that we produce thereafter, but I believe we're on track, and the defense will have all of the government's materials in the near term.

I'll note one small fact for the Court's consideration. One of the materials that we produced to the defense is an export from an MP-FIN database. That is, as I understand it, a database that tracked the collateral that 777, the defendant's business, had and was sort of moving around. I understand from defense counsel they've been unable to access that file, so we're going to work with them to make sure they can review the materials. And if they have further technical issues, we'll make sure that those can be resolved as well.

THE COURT: All right. Thank you.

And, Ms. Estes, do you anticipate any pretrial motions and/or are you in a position to go ahead and set a trial date?

MS. ESTES: Yes, your Honor. We would like to go ahead and set a motion schedule and a trial date.

THE COURT: All right. What do you have in mind? I think Mr. Hampton said you're looking at October for a jury trial. Is that right?

MS. ESTES: Yes, your Honor. We would look for something after the Jewish holidays, which, I believe, end in early October this year. So any time after that would be good

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Q18EWANC

for the defense.

THE COURT:  So, let's see.  October 12 is Columbus Day.

Would the 13th work, or do you want to do the following week?

MS. ESTES:  Maybe the following week so we have a little time in-between the holidays.

THE COURT:  We could do October 19.  I'm open.

MS. ESTES:  That sounds great, your Honor.  Thank you.

THE COURT:  Is that okay with the government?

MS. ROTHMAN:  Yes, your Honor.  Thank you.

THE COURT:  Okay.  So we'll set the trial, beginning with jury selection, on Monday, October 19, 2026.

And what do you have in mind?  What's a reasonable period of time for pretrial motions?

MS. ESTES:  Yes, your Honor.

We're still getting through discovery, and, as Ms. Rothman said, we're expecting more in the next week or so. We would propose motions due in May so that we have time to fully digest the discovery before making motions.

THE COURT:  Is that okay with the government?

MS. ROTHMAN:  Yes, your Honor.

THE COURT:  That is fine with me.

How is May 15?  Does that work?

MS. ESTES:  That works, your Honor.  Thank you.

Q18EWANC

THE COURT:  All right.  So defense motions will be due May 15, 2026.

And how long would the government like to respond?

MS. ROTHMAN:  Thirty days, your Honor.

THE COURT:  All right.  June 12.  That's actually 28 days.  I assume that's close enough.

MS. ROTHMAN:  That's fine, your Honor.  Thank you.

THE COURT:  June 12 for government's response.

And do you want to put in time for replies?

MS. ESTES:  Yes, your Honor.  Two weeks after that would be good for the defense.

THE COURT:  Okay.  June 26 for any defense replies.

And then maybe we should set a date in July just to have a conference for possible oral argument or, if it turns out there's something that requires a hearing, we can talk in advance about whether we'll need a hearing.

Mid July for a conference?

MS. ROTHMAN:  That's fine, your Honor.

MS. ESTES:  That works, your Honor.  Thank you.

THE COURT:  Let's see.  How about would Thursday, July 16, work?  Or is that not a good week?

MS. ROTHMAN:  That's fine for the government.

MS. ESTES:  Your Honor, I understand there may be a birthday conflict with one of Mr. Wander's children, so maybe the following week would be better, if possible.

Q18EWANC

THE COURT:  Okay.  That's --

(Counsel and defendant confer)

MS. ESTES:  Actually, never mind.  That week is fine for July.

THE COURT:  Okay.  How July 16 at 11:00 a.m.?

MS. ROTHMAN:  That works for the government.  Thank you.

MS. ESTES:  That works, your Honor.

THE COURT:  Great.  So we'll schedule our next conference for July 16, 2026, at 11:00 a.m. here in this courtroom.

And I'll assume that if there are any motions, we'll go with that briefing schedule that I set, and we'll talk about any motions at the conference.  If it's something that will require an evidentiary hearing, I'll be in touch with you in advance so that you know to plan for that.  And jury trial beginning October 19, 2026.

And anything else that you all want to address on the defense side?

MS. ESTES:  One moment, your Honor.

(Counsel confer)

MS. ESTES:  Nothing else from the defense.  Thank you.

THE COURT:  Okay.

And anything else from the government?

MS. ROTHMAN:  Your Honor, just a request to exclude

Q18EWANC

time under the Speedy Trial Act between today and trial on October 19.  We believe that the ends of justice are served by the exclusion of time.  It'll allow time for the defense to make motions, for the defendant to review discovery, for the parties to engage in discussions regarding potential pretrial disposition if that's appropriate, and to prepare for trial.

THE COURT:  Any objection?

MS. ESTES:  No objection.

THE COURT:  Okay.  I grant the motion and I exclude time under the Speedy Trial Act, and I find the ends of justice outweigh the best interests of the public and the defendant in a speedy trial, given the additional time needed to review discovery, prepare motions, and prepare for trial, and therefore time is excluded under 18 U.S.C. 3161(h)(7)(A) of the Speedy Trial Act through October 19, 2026.

All right?  Thank you all.

We're adjourned.

MS. ROTHMAN:  Thank you, your Honor.

MS. ESTES:  Thank you, your Honor.

MR. MARTINEZ:  Thank you, your Honor.

(Adjourned)