# GIBSON DUNN

Jordan Estes
Partner
T: +1 212.351.3906
jestes@gibsondunn.com

May 4, 2026

VIA ECF
Hon. J. Paul Oetken
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Wander*, Case No. 1:25-cr-00473 (S.D.N.Y.)

Dear Judge Oetken:

We represent Defendant Joshua Wander in the above-captioned case. We write to request that the Court unseal the prosecution's submissions opposing Mr. Wander's request for an evidentiary hearing. *See* ECF. No. 28. The Court should order the prosecution to file the submissions publicly in unredacted form or, at the very least, provide unredacted copies to Mr. Wander.

As background, on February 27, 2026, before filing anything with this Court, Mr. Wander wrote to the prosecution asking for more information about whether the government leaked grand jury material to the media. ECF No. 25, Ex. 39. The prosecution ignored Mr. Wander's inquiry for weeks. After Mr. Wander moved for a hearing to determine whether the government had leaked information, ECF No. 25, the prosecution opposed, repeatedly accusing Mr. Wander's counsel of "blunders" and stating that Mr. Wander's understanding of the facts was "wrong." ECF No. 28 at 1. But any "blunder" arose because the prosecution refused to provide Mr. Wander with information on the relevant facts, so Mr. Wander's understanding was based on public reporting of the government's investigation in news outlets like *Semafor* and *Bloomberg*.

The prosecution's brief reflects a deliberate strategy: accuse the defense of ignorance while withholding the very facts that would cure it. The brief and supporting declarations are heavily redacted, and the prosecution has not provided unredacted versions to defense counsel. ECF No. 28 (redactions to brief of numerous sentences and footnotes), Decl. of Nicolas Roos (2 paragraphs entirely redacted, 6 paragraphs partially redacted), Decl. of Tristin Jones (majority of declaration redacted), Decl. of Neil Bertos (majority of declaration redacted).[1]

---

[1] Given the heavy redactions, it is not at all clear why Agents Jones and Bertos submitted separate declarations. AUSA Roos stated he had spoken to "the FBI and HSI agents assigned to this investigation about the allegations contained in the defendant's motion," who each "affirmed that they have not disclosed grand jury material or other information learned in the course of the investigation to any member of the press." Roos Decl. ¶ 14. No FBI agent submitted a separate declaration.

# GIBSON DUNN

The prosecution redacted its submissions without filing a motion to seal, without seeking Court authorization to proceed *ex parte*, and without notifying defense counsel of the basis for the redactions.  Only when pressed did the prosecution provide Mr. Wander with a version of its brief that had a single additional footnote unredacted, offering the government's bases for the redactions.  Exs. 1 (April 30, 2026, email from AUSA Sarah Mortazavi stating that the redacted portions have been submitted *ex parte*), 2 (brief attached to AUSA Mortazavi's email) at 7 n.1.  The footnote, in its entirety, reads:

> The Government respectfully requests that the portions of this Opposition and the appended materials that have been redacted on the public docket be filed *ex parte* and under seal for *in camera* review.  The redacted portions contain: 1) significant details about the Government's investigation that are implicated by the Government's deliberative process privilege and are ordinarily nonpublic and could be harmful to sources or to future investigations if it revealed at this juncture; 2) matters covered by Rule 6(e); 3) the identities of sources that have not been disclosed.  The Government respectfully requests the opportunity to submit further letter-briefing should the Court be inclined to disclose the redactions portions of its filings to Wander or to the public in advance of ruling on the Motion.

That footnote is wholly inadequate to meet the government's burdens for sealing.  These are judicial documents that implicate Mr. Wander's ability to receive a fair trial, and the Court must determine "whether the redaction and sealing requests are narrowly tailored to serve substantial interests that overcome that presumption of access."  *United States v. Maxwell*, No. 20 Cr. 330 (AJN), 2021 WL 1063239, at *1 (S.D.N.Y. Mar. 18, 2021).  The government's vague references to a grab-bag of legal doctrines do not come close to showing that the redactions are narrowly tailored or serve substantial interests.  Nor does the government attempt to make the requisite showing to submit these documents *ex parte* for *in camera* review.  *See In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir. 1994) ("An *in camera* submission deprives one party to a proceeding of a full opportunity to be heard on an issue, and its use is justified only by a compelling interest." (citation modified)).

First, the "deliberative process privilege" the government cites is not a "seal everything forever because the government says so" card.  The deliberative process privilege, where it applies, protects only documents that are both "predecisional"—meaning prepared to "assist an agency decisionmaker in arriving at [a] decision"—and "deliberative"—meaning "actually [] related to the process by which policies are formulated."  *ACLU v. NSA*, 925 F.3d 576, 592 (2d Cir. 2019); *Resol. Tr. Corp. v. Diamond*, 137 F.R.D. 634, 641 (S.D.N.Y. 1991).  It "does not extend to purely factual materials, even if they are used in the determination of policy."  *Id.* (citations omitted); *see E.B. v. N.Y.C. Bd. of Educ.*, 233 F.R.D. 289, 295 (E.D.N.Y. 2005) (finding that the deliberative process privilege did not apply as the documents at issue were "primarily factual").  "[V]ague, conclusory allegations of the privilege, with nothing specific to back up these allegations," like those made by the government here, are wholly inadequate.  *Diamond*, 137 F.R.D. at 642.  In addition, the privilege must be asserted by the head of the agency after

# GIBSON DUNN

personal consideration of the allegedly privileged material—assertion by an attorney is "improper." *Id.* at 641; *United States v. Wey*, 252 F. Supp. 3d 237, 252 n.5 (S.D.N.Y. 2017) (collecting cases).  Here, the privilege was asserted by three AUSAs, not by any agency head who personally reviewed the materials, and must also be rejected on that basis. *Schomburg v. N.Y.C. Police Dep't*, 298 F.R.D. 138, 144 (S.D.N.Y. 2014) ("The assertion of the privilege by an attorney is therefore improper.") (citation omitted).

The government attempts to shift its burden on the privilege by submitting the material to the Court for *in camera* inspection.  *See* Ex. 2 at 7 n.1.  But "[s]uch a procedure would force courts to become mindreaders—to discern without guidance what privilege claims an agency is asserting, the reasons for those claims, and then using those assumptions to determine whether the documents may be justifiably withheld." *Diamond,* 137 F.R.D. at 642 (citation modified).  Further, even if the deliberative process privilege does apply, it can be overcome, because it is a "qualified privilege," which must "balance the public interest in nondisclosure against the need of the of the [sic] particular litigant for access to the privileged information." *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 656 F. Supp. 3d 486, 492 (S.D.N.Y. 2023) (internal quotation marks and citation omitted).  The government has not identified who reviewed these materials, has not described what they contain, has not explained why disclosure would cause harm, and has not engaged with the balancing that the privilege actually requires—and on that record, the privilege cannot shield these materials from Mr. Wander.

Nor do the glancing references to Rule 6(e) justify sealing or *ex parte* treatment.  Mr. Wander has already asked for a hearing to determine if the government made unauthorized disclosures pursuant to that rule, and grand jury secrecy can be overcome if a party makes a "strong showing of particularized need" for the materials. *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983).  This Court also can authorize disclosure "in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i).  Mr. Wander has no way to even tell what information the government contends is protected by grand jury secrecy and thus is deprived of his right to make that showing or request authorization for disclosure.[2]

Finally, the government's suggestion that the redactions obscure "the identities of sources that have not been disclosed" does not justify the redactions or filing *ex parte*.  Ex. 2 at 7 n.1.  If the sources include "a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence," Mr. Wander is (or will be before trial) entitled to know their identities. *United States v. Saa*, 859 F. 2d 1067, 1074 (2d Cir. 1988) (citations omitted).  There is absolutely no reason for the Court to defer to the government's vague statement about protecting the identities of sources, in this white collar, non-violent case, especially given the obvious alternative that the government produce the unredacted version

---

[2]  It is also quite notable how different the government's actions are here than in a case they cite throughout their opposition brief, *United States v. Skelos*.  There,  the U.S. Attorney's Office specifically requested that the Court *grant* it the authority to disclose grand jury material to the defendant to respond to the defendant's assertion the government had violated Rule 6(e).  Letter Motion, *United States v. Skelos*, No. 15 Cr. 317 (S.D.N.Y. Sept. 25, 2015), Dkt. 26.

**GIBSON DUNN**

May 4, 2026
Page 4

pursuant to its protective order, ECF No. 14, or even produce an unredacted brief on an attorneys' eyes only basis. *See also United States v. Hornick*, 182 F.R.D. 9, 11 (N.D.N.Y. 1998) ("[A] court should not automatically permit the government to proceed *ex parte*, but, rather, must evaluate the circumstances to determine whether such a procedure is appropriate.").

Sunlight is the best disinfectant. The government has not come close to meeting its burden to file redacted copies of its opposition and the supporting declarations under seal, let alone *ex parte*. The Court should order the government to file its opposition and supporting declarations in unredacted form or, at the very least, provide an unredacted copy to Mr. Wander.

Respectfully submitted,

*/s/ Jordan Estes*
Jordan Estes
Michael Martinez
Samuel Raymond

cc: All counsel of record (*via* ECF)