# GIBSON DUNN

Jordan Estes
Partner
T: +1 212.351.3906
JEstes@gibsondunn.com

May 15, 2026

**VIA ECF**

Hon. J. Paul Oetken
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> **Re:**    *United States v. Wander*, **No. 25 Cr. 473 (JPO)**

Dear Judge Oetken:

We represent Defendant Joshua Wander in the above-captioned case.  We write to oppose the prosecution's extraordinary and unsupported request that this Court enjoin the entirety of the proceedings in *ING Capital LLC v. 777 Partners*, No. 2025-1552-CA-01 in Florida state court (the "ING Case"), or, alternatively, that the Court enjoin *just Mr. Wander* from participating in the discovery process as a defendant in the ING Case in any deposition of "likely trial witnesses in this matter."  ECF No. 33.  The Court should deny these requests.

1. <u>The Prosecution Could Have Moved to Stay the ING Case at Any Time Since It Was Filed More than a Year Ago</u>

The prosecution's manufactured outrage is directed at a problem entirely of its own making.  The ING Case was filed by ING Capital LLC ("ING") against 777 Partners, Mr. Wander, and others in January 2025.  It was ongoing for more than nine months before the Indictment against Mr. Wander was returned, and it has been proceeding for more than six months since then.  The prosecution could have moved to stay the ING Case at *any time* during that period.  Indeed, it moved to stay discovery in the SEC's suit against Mr. Wander more than four months ago.  *SEC v. Wander*, 25 Civ. 8565 (VM) (S.D.N.Y. Dec. 11, 2025), ECF No. 12. Mr. Wander consented to a stay of discovery in that case, underscoring the baseless nature of the prosecution's accusation that he is attempting to exploit civil discovery.

The prosecution does not claim it was unaware of the existence of the ING Case.  The case was brought by the prosecution's alleged victim, ING—Lender-3 in the Indictment—and the prosecution is surely in close contact with ING's counsel.  The ING Case has proceeded through motion to dismiss briefing and into active discovery, with depositions underway for weeks.  Throughout this time, the prosecution has done nothing.  Given this complacency, their belated request is remarkable—there are very few depositions left in the case at all.  Whether the prosecution's failure to intervene and move to stay was the result of a strategic decision or inattention, that failure in no way requires Mr. Wander to forfeit his rights as a civil defendant.

The prosecution has not established good cause under Rule 16, much less the showing required under the All Writs Act.  To obtain relief under the Act, the prosecution must

1

**GIBSON DUNN**

demonstrate not only "exceptional circumstances," but also "the inadequacy of [relief provided by another statute]." *United States v. Gerace*, No. 19 Cr. 227 (JLS) (MJR), 2021 WL 4134886, at *1 (W.D.N.Y. Sep. 10, 2021); *see also Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 130 (2d Cir. 2015) ("[T]he remedies permitted under the Act are 'extraordinary' and 'should not be used simply to avoid the inconvenience of following statutory procedures that govern the particular circumstances.'"). The prosecution plainly cannot make that showing here: its own letter announces an intent to intervene and stay discovery in the ING Case—conceding that an adequate remedy exists in the very forum where it could have acted months ago. *See Jain v. Aberon Cap. Mgmt., LLC*, 2019 WL 5693585, at *1 (N.Y. Sup. Ct. Oct. 30, 2019) (staying state court civil case at request of U.S. Attorney's Office).

The prosecution had every opportunity to seek relief in Florida state court, where the ING Case is pending. It chose not to act. It should not be permitted to use this Court as an emergency backstop for its own inaction—and in doing so, strip Mr. Wander of his right to defend himself in a suit he did not choose to be in.

    2.  <u>Mr. Wander Has the Right to Defend Himself in an Ongoing Civil Case Where He Is a Party Defendant</u>

The prosecution's request appears to have been spurred by the testimony of Mr. Alfalla, but that deposition was noticed by ING, the plaintiff in the ING Case and a purported victim in the prosecution's Indictment. Mr. Wander only cross-noticed in response to ING's notice. And of course, in a civil case *where Mr. Wander is a defendant*, his civil counsel has every right to pose questions in depositions. *See SEC v. O'Neill*, 98 F. Supp. 3d 219, 223 (D. Mass. 2015) (a defendant is "entitled to defend both [his] civil and criminal cases without the defense of either prejudicing his rights in the other").

The cases the prosecution relies on do not support its request, and more fundamentally, do not call into question Mr. Wander's ability to defend himself fully in the civil action. Take *United States v. Gerace*, cited repeatedly by the prosecution. There, the defendant *affirmatively filed* a defamation action against potential witnesses and used it to extract discovery. 2023 WL 3243477, at *2 (2d Cir. May 4, 2023). The posture here is the opposite: the prosecution's alleged victim filed suit against Mr. Wander. The facts of *Gerace* are similarly divergent from those here. Gerace conspired with a DEA agent to gain access to "sensitive, confidential law enforcement intelligence," and "witnesses ha[d] reported being or feeling threatened by Mr. Gerace and/or associates of Mr. Gerace." *Id.* The Second Circuit noted that "this is exactly the type of case—where a criminal enterprise thrives off of gathering and using confidential law enforcement intelligence—that merits the relief granted by the district court." *Id.* The prosecution cannot, with a straight face, compare the facts in *Gerace* to those here: mere questions by Mr. Wander's counsel to potential witnesses in a civil proceeding that he did not initiate.

The other cases the prosecution cites are similarly inapposite: a defendant who abused a civil suit over a non-disparagement provision to issue wide-ranging document requests relating to entirely unrelated healthcare fraud issues, *United States v. Hills*, 2016 WL 6893272, at *1–2 (N.D. Ohio Nov. 23, 2016); a defendant whose attorneys harassed a potential witness at her

2

**GIBSON DUNN**

home and office on at least five occasions before serving her with a deposition notice, *United States v. Stewart*, 872 F.2d 957, 962 (10th Cir. 1989); an attorney defendant whose criminal case stemmed from his history of interfering with litigation, *United States v. Phillips*, 586 F. Supp. 1118, 1119 (N.D. Ill. 1984); and a defendant who attempted to abuse civil depositions pre-indictment to extract confidential grand jury information, *Bd. of Governors v. Pharaon*, 140 F.R.D. 634, 636–37 (S.D.N.Y. 1991). None of these cases support imposing a sweeping, clearly punitive injunction against Mr. Wander for simply exercising his discovery right to seek information about a civil case in which he is a defendant.

       3.   <u>Mr. Wander is Not "Misusing" Civil Discovery</u>

The prosecution's assertion that Mr. Wander is "misusing civil discovery" is completely at odds with the actual record. The facts in the ING Case overlap significantly with the facts relevant to the ING portion of the criminal case, and Mr. Alfalla has been identified by the plaintiffs as a trial witness. Questions about whether Alfalla had lied to prosecutors, planned to testify truthfully, the number of times he had met with prosecutors, and the substance of his statements to prosecutors all go to his propensity for truthfulness as well as his bias against Mr. Wander and incentive to blame Mr. Wander in connection with his agreement to assist the prosecution in the criminal trial. Those topics are all relevant and appropriate for questioning in the ING Case. *See*, *e.g.*, *Mandal v. City of New York*, No. 2 Civ. 1234 (WHP), 2006 WL 3405005, at *4 (S.D.N.Y. Nov. 26, 2006) ("Defendants are free to explore any alleged bias on the part of [the witness] during cross examination, as they were previously allowed to do at his deposition."). Further, questions about the unauthorized disclosure of information about a government investigation to the media are directly related to, among other things, potential damages ING claims in the action. In particular, any harm alleged in the ING Case was largely attributable to events that followed those disclosures, not to the conduct alleged in ING's complaint.

Additionally, as described above, Mr. Wander did not subpoena Mr. Alfalla for testimony in the civil case, nor even notice him in the first instance, but rather cross-noticed him to be able to also ask questions along with all the other parties. Indeed, despite the prosecution's overheated claims of abuse of process, Mr. Wander has not subpoenaed or noticed in the first instance *a single witness* in the ING Case.

The prosecution's motive is clear: it is trying to preserve a tactical advantage in the criminal case based on the one-sided nature of criminal discovery—a structural issue that Judge Rakoff has recognized as "bewildering." *See SEC v. Saad,* 229 F.R.D. 90, 91–92 (S.D.N.Y. 2005) (noting the imbalance in discovery rules that means defendants in criminal cases "barely receive any discovery at all"); *see also SEC v. Saad*, 384 F. Supp. 2d 692, 693–94 (S.D.N.Y. 2005) (denying government's application to stay depositions of non-defendants; emphasizing need to "ensure that the defendants are not materially prejudiced in their ability to defend the civil case"). The Advisory Committee on Criminal Rules took up this precise issue at its April 29, 2026 meeting, weighing an amendment to Rule 15 that would permit pretrial depositions in criminal cases in the interest of fairness. *See* Meeting of the Advisory Committee on Criminal Rules, April 29, 2026, at 39–43, 326–29, https://www.uscourts.gov/sites/default/files/document/2026-04_criminal_rules_agenda_book.pdf. That the prosecution now asks this

3

**GIBSON DUNN**

Court to enforce that imbalance—while rule makers are actively working to address it—speaks volumes about what this motion is really about.

Here, Mr. Wander's counsel did what any competent lawyer would do in a deposition of an adverse witness: ask relevant questions.[1]  Mr. Wander himself was deposed in the ING Case, and the prosecution notably did not swoop in to prevent that.  Mr. Alfalla also largely invoked his Fifth Amendment rights at his deposition, meaning the proceeding was hardly a one-sided preview of the prosecution's case.  Most fundamentally, the prosecution has offered no actual evidence of witness intimidation, manufactured evidence, or unfair surprise at trial—because it cannot.  The prosecution fails entirely to establish good cause for the extraordinary relief it seeks, and its heated rhetoric cannot obscure its own failure to seek a stay of the ING Case months ago.

The Court should deny the prosecution's motion.

Respectfully submitted,

*/s/ Jordan Estes*
Jordan Estes
Dani R. James
Michael Martinez
Samuel Raymond

cc: All counsel of record (*via* ECF)

---

[1] The questioning also in no way violated the Jencks Act.  The Jencks Act governs the *government's* pretrial disclosure obligations to the defendant; it has no bearing on Mr. Wander's rights in a separate proceeding.

4

**Gibson, Dunn & Crutcher LLP**
200 Park Avenue | New York, NY 10166 | T: 212.351.4000 | gibsondunn.com