# Exhibit I

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue,
New York, NY 10166
Tel. +1 212.351.4000
gibsondunn.com

Jordan Estes
Direct: +1 212.351.3906
JEstes@gibsondunn.com

April 24, 2026

**VIA E-MAIL**

Marguerite B. Colson
Sarah Mortazavi
Alexandra Rothman
Assistant United States Attorneys
United States Attorney's Office
26 Federal Plaza
New York, New York 10007

**Re: *United States v. Wander*, No. 25 Cr. 473 (JPO)**

Dear Ms. Colson, Ms. Mortazavi, and Ms. Rothman,

We have learned that during the course of your office's investigation, you obtained privileged material involving Mr. Wander and 777 Partners' outside counsel. We also understand that you conducted at least two interviews of Fred Love, who was the General Counsel of 777 Partners' portfolio company SuttonPark.

Counsel for 777 Partners has informed us that they have not waived any applicable privileges over any material your office has obtained. They told us that based on their limited resources and your desire for swift productions, they agreed to produce documents to your office without performing a privilege review in exchange for Ms. Rothman's promise that your filter team would segregate potentially privileged communications using a list of attorneys provided by 777 Partners.

The productions we have received nevertheless include dozens of documents containing obviously privileged material, including material with the header "Privileged and Confidential." *See, e.g.* USAO_REL_01_00241943. Such documents are commingled with other non-privileged material. At no point in your production of discovery to Mr. Wander did you mention any filter-team review or steps taken to ensure that the investigative team did not review or have access to privileged communications.

Nor have you provided any information about steps taken to ensure that Mr. Love did not disclose privileged information during your interviews with him.

We therefore demand that you immediately answer the following questions:

- What if any steps were taken to have materials your office obtained reviewed for privilege?
- What if any privilege protocol was used to determine whether communications were privileged?

- How were communications in which a lawyer was included stored on government electronic systems?
- How were communications determined to be privileged stored on government electronic systems?
- Did any member of the investigative team have access to communications in which a lawyer was included?
- Were any communications in which a lawyer was included reviewed by any members of the investigative team?
- Were any communications determined to be privileged reviewed by any members of the investigative team?
- Were any communications in which a lawyer was included determined to be subject to an exception to the attorney-client privilege?
    - If so, who made that determination?
    - If so, was the privilege-holder given the opportunity to challenge the determination?
- Did your office interview Mr. Love on any occasions other than those described in your February 5, 2026 letter?
- Who attended the interviews of Mr. Love?
- Did your office interview any other attorneys as part of this investigation?
- When your office interviewed Mr. Love or any other attorney, how did your office ensure that Mr. Love or any other attorney did not disclose privileged information?

Additionally, please immediately provide all notes, not merely excerpts, of any interviews with any attorney, including Mr. Love as referenced in your February 4 letter. If you do not, please provide your legal basis to withhold such notes.

Depending upon your responses to these questions, we may seek appropriate judicial relief.

Thank you for your prompt attention to this request.

Respectfully submitted,

Jordan Estes
Michael Martinez
Samuel Raymond

JE

cc: Nicolas Roos, Esq.
Andrew Thomas, Esq.