UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JOSHUA WANDER,

Defendant.

**S1 25 Cr. 473 (JPO)**

**THE GOVERNMENT'S REQUESTS TO CHARGE**

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
26 Federal Plaza
New York, New York 10278

Thomas S. Burnett
Marguerite B. Colson
Alexandra Rothman
Assistant United States Attorneys
- *Of Counsel* -

**INTRODUCTION**

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the jury.

The Government's proposed instructions are based principally on jury instructions given in recent securities fraud, wire fraud, and witness-tampering cases, namely *United States v. Bankman-Fried*, 22 Cr. 673 (LAK) (Oct. 3, 2023) (hereinafter "*Bankman-Fried*"); *United States v. Chastain*, 22 Cr. 305 (JMF) (Apr. 25, 2023) (hereinafter "*Chastain*"); *United States v. Castillero*, 23 Cr. 622 (JMF) (Nov. 4, 2025) (hereinafter "*Castillero*"); *United States v. Chow*, 17 Cr. 667 (GHW) (Apr. 10, 2018) (hereinafter "*Chow*"); *United States v. Garelick*, 23 Cr. 307 (LJL) (Apr. 29, 2024) (hereinafter "*Garelick*"); *United States v. Goel*, 22 Cr. 396 (PKC) (June 12, 2023) (hereinafter "*Goel*"); *United States v. Heppner*, 25 Cr. 503 (JSR) (May 6, 2026) (hereinafter "*Heppner*"); *United States v. Hwang*, 22 Cr. 240 (AKH) (July 9, 2024) (hereinafter "*Hwang*"); *United States v. Javice*, 22 Cr. 240 (AKH) (Mar. 27, 2025) (hereinafter "*Javice*"); *United States v. Larmore*, 24 Cr. 140 (PAE) (Oct. 21, 2024) (hereinafter "*Larmore*"); *United States v. Pukke*, 23 Cr. 168 (JPO) (July 9, 2024) (hereinafter "*Pukke*"); *United States v. Guo*, 23 Cr. 118 (AT) (May 24, 2024) (hereinafter "*Guo*"); *United States v. Perryman*, 23 Cr. 117 (DLC) (Feb. 20, 2024) (hereinafter "*Perryman*"); *United States v. Cole*, 19 Cr. 869 (ER) (Nov. 2, 2022) (hereinafter "*Cole*"); *United States v. Raji*, 19 Cr. 870 (JMF) (Sept. 13, 2022) (hereinafter "*Raji*"); *United States v. Milton*, 21 Cr. 478 (ER) (Sept. 12, 2022) (hereinafter "*Milton*"); *United States v. Parnas*, 19 Cr. 725 (JPO) (Oct. 13, 2021) (hereinafter "*Parnas*"); *United States v. Ahuja*, 18 Cr. 328 (KPF) (July 10, 2019) (hereinafter "*Ahuja*"); *United States v. Amanat*, 15 Cr. 536 (PGG) (Oct. 22, 2018) (hereinafter "*Amanat*"); *United States v. Brennerman*, 17 Cr. 337 (RJS)

(Dec. 6, 2017) (hereinafter "*Brennerman*"); *United States v. Murray*, 22 Cr. 76 (LGS) (May 15, 2023); and other instructions and authorities cited *infra* as appropriate.

# TABLE OF CONTENTS

REQUEST NO. 1 General Requests ........ 1
REQUEST NO. 2 Summary of the Indictment ........ 1
REQUEST NO. 3 Structure of Charges – Multiple Counts ........ 2
REQUEST NO. 4 Conspiracy and Substantive Counts ........ 3
REQUEST NO. 5 Counts Two and Five: Wire Fraud – Elements of the Offense ........ 5
REQUEST NO. 6 Counts Two and Five: Wire Fraud – First Element ........ 6
REQUEST NO. 7 Counts Two and Five: Wire Fraud – Second Element ........ 10
REQUEST NO. 8 Counts Two and Five: Wire Fraud – Third Element ........ 14
REQUEST NO. 9 Count Four: Securities Fraud – Elements of the Offense ........ 16
REQUEST NO. 10 Count Four: Securities Fraud – First Element ........ 17
REQUEST NO. 11 Count Four: Securities Fraud – Second Element ........ 23
REQUEST NO. 12 Count Four: Securities Fraud – Third Element ........ 26
REQUEST NO. 13. Count One: Conspiracy to Commit Wire Fraud – Elements ........ 28
REQUEST NO. 14 Count One: Conspiracy to Commit Wire Fraud – First Element ........ 29
REQUEST NO. 15 Count One: Conspiracy to Commit Wire Fraud – Second Element ........ 32
REQUEST NO. 16 Count Three: Conspiracy to Commit Securities Fraud –Elements of the Offense37
REQUEST NO. 17 Count Three: Conspiracy to Commit Securities Fraud – First Element ........ 38
REQUEST NO. 18 Count Three: Conspiracy to Commit Securities Fraud – Second Element ........ 39
REQUEST NO. 19 Count Three: Conspiracy to Commit Securities Fraud – Third Element ........ 40
REQUEST NO. 20 Count Six: Witness Tampering - Elements of the Offense ........ 43
REQUEST NO. 21 Count Six: Witness Tampering – First Element ........ 44
REQUEST NO. 22 Count Six: Witness Tampering – Second Element ........ 47
REQUEST NO. 23 Aiding and Abetting ........ 48
REQUEST NO. 24 Willfully Causing a Crime ........ 51
REQUEST NO. 25 Presence of Counsel ........ 53
REQUEST NO. 26 Conscious Avoidance ........ 54
REQUEST NO. 27. Venue ........ 57
REQUEST NO. 28. False Exculpatory Statements ........ 60
REQUEST NO. 29 Other Act Evidence ........ 61
REQUEST NO. 30 Variance in Dates, Amounts ........ 62

REQUEST NO. 31 Uncalled Witnesses – Equally Available or Unavailable ................................ 63
REQUEST NO. 32 Preparation of Witnesses ........................................................................ 64
REQUEST NO. 33 Other Individuals Not on Trial ................................................................ 65
REQUEST NO. 34 Law Enforcement or Government Witnesses .......................................... 66
REQUEST NO. 35 Witnesses: Cooperation and Non-Prosecution Agreements ........................ 67
REQUEST NO. 36 Expert Testimony ................................................................................... 68
REQUEST NO. 37 Defendant's Testimony [or Defendant's Right Not to Testify] ..................... 69
REQUEST NO. 38 Particular Investigative Techniques [*If Applicable*] .................................... 70
REQUEST NO. 39 Use of Audio Recordings and Transcripts ................................................ 71
REQUEST NO. 40 Charts and Summaries: Admitted as Evidence [*If Applicable*] .................... 72
REQUEST NO. 41 Stipulations [*If Applicable*] ...................................................................... 73

**REQUEST NO. 1**
**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a. Function of Court and Jury

b. All Parties as Equals Before the Court

c. Government Treated Like Any Other Party

d. Improper Considerations: Race, Religion, National Origin, Gender, Sexual Orientation, or Age

e. What Is and Is Not Evidence

f. Rulings on Evidence and Objections

g. Burden of Proof and Presumption of Innocence

h. Reasonable Doubt

i. Direct and Circumstantial Evidence

j. Inferences

k. Credibility of Witnesses

l. Right to See Exhibits and Have Testimony Read During Deliberations

m. Sympathy: Oath as Jurors

n. Punishment Is Not to Be Considered by the Jury

o. Juror Note Taking

p. Verdict of Guilt or Innocence Must be Unanimous

q. Redactions

**REQUEST NO. 2**
**Summary of the Indictment**

The defendant Joshua Wander is formally charged in an Indictment. The Indictment is simply a charge or accusation. It is not evidence. The Indictment in this case contains six counts, or charges. Each count charges the defendant with committing a different crime, and I will discuss each count in turn. You must, as a matter of law, consider each count, and you must return a separate verdict for each count in which the defendant is charged.

Count One charges that the defendant participated in a conspiracy to defraud the lenders of 777 Partners, its subsidiaries, and its affiliates, collectively referred to as "777," in violation of Title 18, United States Code, Section 1349.

Count Two charges that the defendant engaged in a scheme to defraud the lenders of 777, in violation of Title 18, United States Code, Section 1343.

Count Three charges that the defendant participated in a conspiracy to defraud the investors in 777, in violation of Title 18, United States Code, Section 371.

Count Four charges that the defendant engaged in scheme to defraud the investors in 777, in violation of Section 10(b) of the Securities Exchange Act.

Count Five charges that the defendant engaged in a scheme to defraud one of its lenders, A-CAP, in violation of Title 18, United States Code, Section 1343.

Count Six charges that the defendant engaged in witness tampering, in violation of Title 18, United States Code, Section 1512.

**REQUEST NO. 3**
**Structure of Charges – Multiple Counts**

In your deliberations and in reaching your verdict, you must consider each count separately, and you must determine whether the Government has carried its burden of proof with respect to the defendant.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-8 (2025), and the jury charges of the Hon. Cathy Seibel in *United States v. Boria*, 16 Cr. 478 (Oct. 13, 2017), and the Hon. Jesse M. Furman in *United States v. Blondet*, 16 Cr. 387 (Mar. 18, 2022).

**REQUEST NO. 4**
**Conspiracy and Substantive Counts**

As I have just described, there are certain counts in the Indictment that are conspiracy counts, while others are what are referred to as substantive counts. Unlike the conspiracy charges, which allege agreements to commit certain offenses, the substantive counts are based on the actual commission of offenses, or aiding and abetting others to commit the offenses.

A conspiracy to commit a crime is an entirely separate and different offense from the substantive crime that may be the object of the conspiracy. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object of the conspiracy is not achieved. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.

The essence of the crime of conspiracy is an agreement or understanding to violate other laws. Thus, if a conspiracy exists, even if it fails, it is still punishable as a crime. Consequently, in a conspiracy charge there is no need to prove that the crime that was the objective of the conspiracy was actually committed.

By contrast, the substantive counts require proof that the crime charged was actually committed, but they do not require proof of an agreement. Of course, if a defendant both participates in a conspiracy to commit a crime and then actually commits that crime, that defendant may be guilty of both the conspiracy and the substantive crime, as I will instruct you shortly.

We will turn first to the substantive wire fraud and securities fraud charges in the Indictment.

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 19-2, and the jury charge of the Hon. Sidney H. Stein in *United States v. Duncan*, 18 Cr. 289 (May 22, 2019); *see United States v.*

*Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**REQUEST NO. 5**
**Counts Two and Five: Wire Fraud – Elements of the Offense**

Counts Two and Five charge the defendant with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2.

Count Two charges the defendant with participating in a scheme, from in or about 2021 up to and including in or about 2024, to defraud the lenders of 777 by making false and misleading statements about the financial condition and available collateral of 777.

Count Five charges the defendant with participating in a scheme, in or about 2022, to defraud one its lenders, A-CAP, by making false and misleading statements.

To establish a violation of Section 1343, the Government must prove each of the following three elements beyond a reasonable doubt:

*First*, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises.

*Second*, that the defendant knowingly participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

*Third*, that in execution of that scheme, the defendant used or caused the use of an interstate or international wire.

I will now discuss each of these elements in greater detail.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3 (2025), the jury charges of *Pukke*, the Hon. Valerie E. Caproni in *United States v. Bynum*, 21 Cr. 603 (Nov. 1, 2023), and *United States v. Reese*, 24 Cr. 402 (Mar. 19, 2025), and the Second Circuit's statement of law in *United States v. Greenberg*, 835 F.3d 295, 305 (2d Cir. 2016), and *Fountain v. United States*, 357 F.3d 250, 255 (2d Cir. 2004).

## REQUEST NO. 6
## Counts Two and Five: Wire Fraud – First Element

With respect to Counts Two and Five, the first element that the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud a victim of money or property, or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme" or "artifice" is merely a plan to accomplish an object or objective. "Fraud" is a general term that refers to depriving another of money or property by dishonest means, methods, or schemes. Thus, a "scheme to defraud" includes any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises. A statement, representation, claim, or document is "false" if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A pretense, representation, or statement is "fraudulent" if it was falsely made or done with the intention to deceive.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), the jury charges in *Castillero* and *Bankman-Fried*, and the jury charge by the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (Mar. 10, 2017). The definition of "fraud" is from the Supreme Court's definition in *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924), and the Second Circuit's statement of law in *United States v. Coplan*, 703 F.3d 46, 59-60 (2d Cir. 2012).

A statement may also be false or fraudulent if it contains half-truths, conceals material facts, or is ambiguous or incomplete in a manner that makes what is said, or represented, misleading or deceptive.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), the jury charge in *Castillero*, and the jury charge by the Hon. Richard J. Sullivan in *United States v. Pan*, 12 Cr. 153 (May 1, 2013). *See also Macquarie Infrastructure Corp. v. Moab Partners, L. P.*, 601 U.S. 257, 258 (2024) ("Half-truths … are representations that state the truth only so far as it goes, while omitting critical qualifying information."); *United States v. Autuori*, 212 F.3d 105,

> 118 (2d Cir. 2000) ("[I]t is just as unlawful to speak 'half truths' or to omit to state facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading.").

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), and the jury charge of the Hon. Jesse M. Furman in *United States v. Avenatti*, 19 Cr. 374 (Jan. 24, 2022).

It is not required that the scheme to defraud involve deception of the same person or entity whose money or property is obtained. The deception may target one person or entity in order to obtain the money or property of another.

> Adapted from the jury charge of the Hon. Jessica G.L. Clarke in *United States v. Peraire-Bueno*, 24 Cr. 293 (Nov. 3, 2025) and the Second Circuit's statement of law in *United States v. Greenberg*, 835 F.3d 295, 306 (2d Cir. 2016) ("wire fraud does not require convergence between the parties intended to be deceived and those whose property is sought in a fraudulent scheme").

The false or fraudulent pretense, statement, representation, claim, promise, document, or conduct must relate to a material fact or matter. A material fact is one that would be expected to influence, or that is capable of influencing, the decision of a reasonable person.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), and from *Neder v. United States*, 527 U.S. 1, 16 (1999) ("In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed."), and *United States v. Denkberg*, 139 F.4th 147, 159 (2d Cir. 2025) (same); *United States v. Frenkel*, 682 F. App'x 20, 23 (2d Cir. 2017) (instruction "using *Neder*'s formulation of materiality" is proper).

In addition to proving that a statement or conduct was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged

scheme contemplated obtaining a victim's money or property. Obtaining money or property means gaining or attaining possession or use of it, whether permanently or temporarily. Money or property may be obtained even when something else is simultaneously given in return.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), *Kousisis v. United States*, 605 U.S. 114 (2025) (defining "obtain" as "to gain or attain possession" and explaining that "money or property is no less 'obtained' simply because something else is given in return"), *United States v. Gatto*, 986 F.3d 104, 113 (2d Cir. 2021) ("a defendant need not literally obtain money or property – in the sense of putting money in his own pocket"), and *United States v. Males*, 459 F.3d 154, 158-59 (2d Cir. 2006) (the requirement that the defendant devise a scheme to obtain money or property is "satisfied where a defendant fraudulently obtains the use of another person's money or property for a period of time," whether "temporarily … or permanently"). The third sentence, regarding obtaining something in return, is from the jury charge in *Castillero* and from the Supreme Court's statement of law in *Kousisis*.

It is not necessary for the government to prove that the scheme to defraud actually succeeded, that any particular person actually relied on a statement or representation, that a victim was actually defrauded, or that any victim suffered a financial loss, damages, injury, or was economically worse off. The Government need not prove that a victim actually was deprived of money or property, only that the defendant contemplated that a victim would be deprived of money or property as a result of the scheme. Although it is not necessary that the scheme actually have succeeded, you may consider whether it succeeded in determining whether the scheme existed.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), the jury charge of the Hon. John G. Koeltl in *United States v. Albin*, 23 Cr. 664 (June 23, 2025), the Supreme Court's statement of the law in *Kousisis v. United States*, 605 U.S. 114 (2025) (wire fraud does not require "a showing of ultimate financial loss" or that the victim was "economically worse off"), and *Neder v. United States*, 527 U.S. 1, 24-25 (1999) (the "common -law requirements of 'justifiable reliance' and 'damages' … plainly have no place in the federal fraud statutes"), and the Second Circuit's statement of the law in *United States v. Zagari*, 111 F.3d 307, 327 (2d Cir. 1997) ("the government is not required to show that the intended victim

> was actually defrauded"), and *United States v. Trapilo,* 130 F.3d 547, 552 (2d Cir. 1997) (calling the success of scheme "irrelevant" to wire fraud offense).

In determining whether a scheme to defraud existed, it is irrelevant whether a victim might have discovered the fraud if the victim had looked more closely or probed more extensively. A victim's negligence or gullibility in failing to discover a fraudulent scheme is not a defense to fraud.

> Adapted from the jury charge of the Hon. Richard J. Sullivan in *United States v. Pan*, 12 Cr. 153 (May 1, 2013), and the jury charge of the Hon. Vernon S. Broderick in *United States v. Darden*, 23 Cr. 134 (Oct. 3, 2024), the Supreme Court's statement of the law in *Neder v. United States*, 527 U.S. 1, 24-25 (1999) (the "common - law requirements of 'justifiable reliance' and 'damages' … plainly have no place in the federal fraud statutes"), and the Second Circuit's statement of the law in *United States v. Isola*, 548 F. App'x 723, 724-25 (2d Cir. 2013) ("any evidence that [victims] … were unreasonable … is not relevant to how a reasonable [victim] would have viewed defendant's misrepresentations"), and *United States v. Amico*, 486 F.3d 764, 780 (2d Cir. 2007) ("a victim's lack of sophistication" or "the 'reasonable victim' defense does not apply to allegations of mail fraud").

A scheme to defraud need not be shown by direct evidence but may be established by all of the circumstances and facts in the case.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025), and the jury charge of the Hon. Jesse M. Furman in *United States v. Avenatti*, 19 Cr. 374 (Jan. 24, 2022).

**REQUEST NO. 7**
**Counts Two and Five: Wire Fraud – Second Element**

The second element that the Government must prove beyond a reasonable doubt is that the defendant devised or participated in the scheme to defraud knowingly and with the specific intent to defraud.

To "devise" a scheme to defraud means to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with an intent to help it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

Adapted from the jury charges in *Bankman-Fried* and *Milton*.

As I have previously noted, the defendant must have acted knowingly and with an intent to defraud. "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of obtaining money or property.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (2025), the jury charge of *Pukke*, and the jury charges of the Hon. Valerie E. Caproni in *United States v. Bynum*, 21 Cr. 603 (Nov. 1, 2023), and *United States v. Reese*, 24 Cr. 402 (Mar. 19, 2025), and the Hon. Jennifer L. Rochon in *United States v. Brend*, 22 Cr. 551 (Mar. 4, 2024).

The instruction on this element does not include the word "willfully," which "has no textual basis in the wire fraud statute." *United States v. Bynum*, 21 Cr. 603 (VEC), Dkt. 1149 at 1-2 (Nov. 10, 2023). The applicable *mens rea* for wire fraud is specific intent to defraud. *United States v. Rybicki*, 354 F.3d 124, 150 (2d Cir. 2003); *see also United States v. Porcelli*, 865 F.2d 1352, 1358 (2d Cir. 1989) (the "specific intent required under the mail fraud statute is the intent to defraud … and not the intent to violate a statute."). There is no requirement that the court instruct the jury that the defendant's participation in the scheme to defraud must be willful. *See United States v. Middendorf*, 18 Cr. 36 (JPO), 2019 WL 4254025, at *7 (S.D.N.Y. Sept. 9, 2019) (willfulness not required);

> *United States v. Novis*, 20-CR-335 (JMA), 2023 WL 4746541, at *22 (E.D.N.Y. July 24, 2023) (collecting cases); *United States v. DiRoberto*, 686 F. App'x 458, 461 (9th Cir. 2017); *United States v. Blagojevich*, 794 F.3d 729, 739 (7th Cir. 2015); *United States v. Gole*, 21 F. Supp. 2d 161, 167 (E.D.N.Y. 1997), *aff'd*, 158 F.3d 166 (2d Cir. 1998).

The Government need not prove that the intent to defraud was the only intent or even the primary intent of the defendant. A defendant may have the requisite intent to defraud even if the defendant was motivated by other lawful, proper, or neutral purposes or reasons for his actions.

> Adapted from the jury charge in *Bankman-Fried*, the jury charge of the Hon. Jennifer L. Rochon in *United States v. Brend*, 22 Cr. 551 (Mar. 4, 2024), and the Second Circuit's statement of the law in *United States v. Phillips*, 24-1908, 2025 WL 2528201, at *15 (2d Cir. Sept. 3, 2025) ("The intent element for specific intent crimes … can usually be satisfied even if the defendant has multiple reasons for taking an action, so long as one reason is the intent to deceive."), and *United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2013) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose.").

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense. Even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made or transmitted by a defendant is a good defense, however inaccurate the statements may turn out to be. A defendant, however, has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (2025), the jury charges of the Hon. Loretta A. Preska in *United States v. Solomon*, 24 Cr. 665 (Apr. 21, 2026) and the Hon. Paul A. Engelmayer in *United States v. Gray*, 21 Cr. 713 (May 20, 2024), and the Second Circuit's statement of law in *United States v. Alkins*,

> 925 F.2d 541, 550 (2d Cir. 1991) (approving of the language of this instruction), and *United States v. Khafizov*, 604 F. App'x 88, 90 (2d Cir. 2015) (same).

However, a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that the defendant acted in good faith. If the defendant participated in the scheme for the purpose of obtaining money or property from another and acted with intent to deceive, then no amount of honest belief on the part of the defendant that the scheme would eventually cause a profit or cause no harm will excuse fraudulent actions or false representations by him.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (2025), the jury instructions approved of in *Bankman-Fried*, *United States v. Lange*, 834 F.3d 58, 79 (2d Cir. 2016) (approving of the language of this instruction), *United States v. Percoco*, 13 F.4th 158, 176 (2d Cir. 2021), *vacated on other grounds sub nom. Ciminelli v. United States*, 598 U.S. 306 (2023) (upholding instruction to jury that "a belief by the defendant that eventually everything would work out so that [the victim] would get a good deal does not mean that the defendant acted in good faith"), and *United States v. Ferguson*, 676 F.3d 260, 280 (2d Cir. 2011) (upholding instruction to jury that "[n]o amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors, or not cause anyone harm, will excuse fraudulent actions or false representations by him or her").

Direct proof of knowledge and fraudulent intent is almost never available, nor is it required. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them. Such circumstantial evidence of the defendant's intent includes that the defendant made misrepresentations to the victims with knowledge that the

statements were false. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (2025), and the jury charge in *Bankman-Fried*. While the third to last sentence in the proposed instruction relating to circumstantial evidence of the defendant's intent does not appear in the model instruction, it accurately captures the law of the Second Circuit. *See United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999) ("Intent may be proven through circumstantial evidence, including by showing that defendant made misrepresentations to the victim(s) with knowledge that the statements were false."); *United States v. Saint Clair*, 22-2100, 2024 WL 413422, at *4 (2d Cir. Feb. 5, 2024) (same); *United States v. Hild*, 23-6136, 2025 WL 2153125, at *6 (2d Cir. July 30, 2025) ("fraudulent intent may be proven by showing that the defendant made misrepresentations to the victim(s) with knowledge that the statements were false").

**REQUEST NO. 8**
**Counts Two and Five: Wire Fraud – Third Element**

The third and final element that the Government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud. An interstate wire means a wire that passes between two or more states. A foreign wire means a wire that travels between the United States and another country. Examples of wires include telephone calls, text messages, communications over the Internet, commercials on television, and financial wires between bank accounts, among other things.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (2025), and the jury charge in *Bankman-Fried*.

The use of the wires need not itself be fraudulent. It must, however, further or assist in the carrying out of the scheme to defraud.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (2025), and the jury charge in *Bankman-Fried*. *See also Schmuck v. United States*, 489 U.S. 705, 710 (1989) (explaining that "'innocent' mailings—ones that contain no false information—may supply the mailing element"); *United States v. Vilar*, 729 F.3d 62, 89 (2d Cir. 2013) (instruction that "the mailed letter need not itself be fraudulent; for example, the mailed matter need not contain any fraudulent representations, and indeed may be completely innocent" was "correct as to the law").

Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

> Adapted from the jury charge by the Hon. Sidney H. Stein in *United States v. Constantinescu*, 19 Cr. 651 (June 27, 2022).

It is not necessary for the defendant to be directly or personally involved in the wire communication, if the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient

to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the call or transfer the funds. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (2025), the jury charge in *Bankman-Fried*, and the instruction approved of by the Second Circuit in *United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003) (approving of the instruction "It is sufficient to satisfy the venue requirement if any act in furtherance of the crimes charged occurred within the Southern District of New York.")

Only the wire communication must be reasonably foreseeable, not its interstate component. Thus, if the wire communication was reasonably foreseeable and the interstate wire communications actually took place, then this element would be satisfied, even if it was not foreseeable that the wire communication would cross state lines.

> Adapted from the jury charge by the Hon. Sidney H. Stein in *United States v. Constantinescu*, 19 Cr. 651 (June 27, 2022).

**REQUEST NO. 9**
**Count Four: Securities Fraud – Elements of the Offense**

Count Four of the Indictment charges the defendant with participating in a scheme, from in or about 2021 up to and including in or about 2022, to commit securities fraud, in violation of Section 10(b) of the Securities Exchange Act.

To establish a violation of Section 10(b), the Government must prove each of the following three elements beyond a reasonable doubt:

*First*, that in connection with the purchase or sale of a security, the defendant did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact, which omission made what was said, under the circumstances, misleading, or failed to disclose a material fact that the defendant knew he had a duty to disclosure,

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

*Second*, that the defendant acted knowingly, willfully, and with the intent to deceive or defraud; and

*Third*, that, in furtherance of the fraudulent conduct, the defendant used or caused to be used, any means or instruments of transportation or communication in interstate commerce, or the mails.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-20 (2025), the jury charges in *Javice*, *Larmore*, *Bankman-Fried*, and *Milton*, and the Second Circuit's statement of the elements of securities fraud in *United States v. Gramins*, 939 F.3d 429, 444 (2d Cir. 2019).

**REQUEST NO. 10**
**Count Four: Securities Fraud – First Element**

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of a security, the defendant did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact, which omission made what was said, under the circumstances, misleading, or failed to disclose a material fact that the defendant knew he had a duty to disclosure, or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of securities.

It is not necessary for the Government to prove that the scheme involved all three types of unlawful conduct. Any one will be sufficient to satisfy this element of the offense.

> Adapted from the Supreme Court's statement in *Lorenzo v. Sec. & Exch. Comm'n*, 587 U.S. 71, 80-81 (2019), that the three subsections of Rule 10b-5 operate separately, and the jury instructions by the Hon. Edgardo Ramos in *United States v. Blakstad*, 19 Cr. 486 (June 14, 2021) and the Hon. Richard M. Berman in *United States v. Buyer*, 22 Cr. 397 (Mar. 1, 2023).
>
> There is no unanimity requirement as to the means of committing this element. *See Richardson v. United States*, 526 U.S. 813, 817 (1999) ("a federal jury need not always decide unanimously . . . which of several possible means the defendant used to commit an element of the crime"); *see also United States v. McHatton*, 22-10329, 2024 WL 4972039, at *2 (9th Cir. Dec. 4, 2024) ("[t]he subparts of Rule 10b-5 are means, not elements"); *United States v. Yeaman*, 194 F.3d 442, 455 (3d Cir. 1999) (alternative means of committing securities fraud do not require separate jury finding).

I will now define some of these terms and concepts.

A "device, scheme, or artifice to defraud" is merely a plan to accomplish a fraudulent objective. A "scheme to defraud" is a plan, device, or pattern or course of conduct concerning a material matter designed to deceive a person.

> Adapted from *Lorenzo v. Sec. & Exch. Comm'n*, 587 U.S. 71, 78 (2019) (defining "device," "scheme," and "artifice"), *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 199 (1976) (Section 10b covers "conduct designed to deceive or defraud investors"), and the jury charge in *Milton*.

"An untrue statement of material fact" means a statement that was false when made and was known to be false by the person making it.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), *Gimpel v. The Hain Celestial Grp., Inc.*, 156 F.4th 121, 138 (2d Cir. 2025) (defining an "untrue statement" as "an actual statement … that is … untrue outright" and was "false at the time it was made"), and the jury charges in *Milton* and the Hon. Loretta A. Preska in *United States v. Collins*, 07 Cr. 1170 (Nov. 9, 2012).

"Omitting to state a fact which made what was said misleading" means making a statement that, while literally accurate, created a false or misleading impression in light of the manner and circumstances in which it was made.

> Adapted from *Macquarie Infrastructure Corp. v. Moab Partners, L. P.*, 601 U.S. 257, 264 (2024) ("Rule 10b-5(b) … requires disclosure of information necessary to ensure that statements already made are clear and complete" and "therefore covers half-truths…."), *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 192 (2015) ("literal accuracy is not enough: an issuer must as well desist from misleading investors by saying one thing and holding back another"), and *United States v. Kone*, 303 F. App'x 38, 40 (2d Cir. 2008) (approving of the jury charge that "[a] statement may also be fraudulent if it contains half-truths or of it conceals material facts in a manner which makes what is said or represented deliberately misleading").

An "act, practice, or course of business that operated, or would operate, as a fraud or deceit on another person" means conduct that gave, or was intended to give, another person a false or

misleading impression. Conduct itself can be deceptive; it need not involve spoken or written words. The arrangement of the words, or the circumstances in which they are used may also convey a false or misleading impression.

> Adapted from *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*, 552 U.S. 148, 158 (2008) ("Conduct itself can be deceptive."), *United States v. Finnerty*, 533 F.3d 143, 148-49 (2d Cir. 2008) ("Conduct itself can be deceptive, and so liability under § 10(b) or Rule 10b–5 does not require a specific oral or written statement."), and the jury charges in *Perryman, Ahuja*, and *Amanat.*

If you find that the defendant employed a device, scheme, or artifice to defraud, made an untrue or misleading statement of fact, or engaged in an act, practice, or course of business that operated as a fraud, you must next determine whether it was material under the circumstances. Material information is information that a reasonable investor would have considered important in making an investment decision. Information is important if it would have been viewed by the reasonable investor as having significantly altered the total mix of information made available.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), *United States v. Litvak*, 889 F.3d 56, 64-65 (2d Cir. 2018) (citing *United States v. Vilar*, 729 F.3d 62, 89 (2d Cir. 2013), *United States v. Contorinis*, 692 F.3d 136, 143 (2d Cir. 2012), and *Basic Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988) ("A misstatement in a securities transaction is material so long as there is 'a substantial likelihood that a reasonable investor would find the ... misrepresentation important in making an investment decision.' A misrepresentation is important if there is 'a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available.'"), *Operating Loc. 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 92–93 (2d Cir. 2010) ("Put another way, a fact is to be considered material if there is a substantial likelihood that a reasonable person would consider it important in deciding whether to buy or sell shares of stock."), *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 446 n.8 (1976) ("courts have also defined materiality to encompass those facts which in reasonable and objective contemplation might affect the value of the securities involved"), the jury charges in *Bankman-Fried*, *Guo*, and *Garelick*.

The Government does not need to establish that anyone actually relied on the alleged misrepresentation.

> Adapted from *United States v. Vilar*, 729 F.3d 62, 88–89 (2d Cir. 2013) ("the long-established law of our Circuit … is that, when the government … brings a civil or criminal action under Section 10(b) and Rule 10b–5, it need only prove … materiality, meaning a substantial likelihood that a reasonable investor would find the omission or misrepresentation important in making an investment decision, and not actual reliance"), the jury charges in *Guo* and *Perryman*.

Nor does is it a defense that investors might have uncovered the fraud had they done more diligence or probed more extensively.

> Adapted from the jury charges in *Bankman-Fried, Larmore*, and *United States v. Thomas*, 377 F.3d 232, 241 (2d Cir. 2004) (approving of the instruction that "it will be no defense that a person, well, if he had asked one more question or had probed further might have discovered that the statement was false"). *See also United States v. Watson*, 23 Cr. 82 (EK), 2024 WL 3471303, at *2 (E.D.N.Y. July 19, 2024) (that "investors would (or should) have done their own diligence and analysis and thereby recognized the misstatements as such … is not a valid defense"); *United States v. Milton*, 21 Cr. 478 (ER) (S.D.N.Y. Oct. 4, 2022) (Tr. 2850) ("To say that a reasonable investor is required to have read the SEC filings before he or she can complain about having been defrauded is not, cannot be, the law.").

In addition, a general disclaimer or cautionary language statement in an investment contract cannot render a misrepresentation of fact immaterial as a matter of law.

> Adapted from the jury charges in *Larmore* and *Cole*, and from the Second Circuit's statement of law in *P. Stolz Fam. P'ship L.P. v. Daum*, 355 F.3d 92, 96-97 (2d Cir. 2004) ("misrepresentation of present or historical facts cannot be cured by cautionary language") and *United States Sec. & Exch. Comm'n v. Halitron, Inc.*, 24-1052, 2025 WL 678776, at *2 (2d Cir. Mar. 3, 2025) ("generic cautionary language at the end of the press releases … cannot disclaim the false and misleading nature of those representations").

In addition, the Government must prove that the defendant's fraudulent conduct was "in connection with" a purchase or sale of securities.

The term "security" or "securities" includes any stock, option, put, call, bond, investment contract, Here, the "security" is the cumulative preferred equity units in 777.

The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied as long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction, such as the purchase or sale of interests in shares of a company.

> The instructions on the definition of a "security" and the "in connection with" requirement are adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), *Castillero*, *Javice*, *Bankman-Fried*, *Heppner*, and the Supreme Court's decision in *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293 (1946). *See Mayer v. Oil Field Sys. Corp.*, 721 F.2d 59, 65 (2d Cir. 1983); *SEC v. Arcturus Corp.*, 928 F.3d 400, 410 (5th Cir. 2019) ("Without any significant powers, a limited partner is like a 'stockholder in a corporation.' As a result, 'limited partnership interests may be considered a security."); *Goodman v. Epstein*, 582 F.2d 388, 408 (7th Cir. 1978) ("In light of the weighty authority for considering a limited partnership interest to be a 'security' within the protective scope of the federal securities laws, the trial judge should have given plaintiffs' requested instruction that plaintiffs' interests were securities.").

The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), *S.E.C. v. Zandford*, 535 U.S. 813, 820 (2002) ("neither the SEC nor this Court has ever held that there must be a misrepresentation about the value of a particular security in order to run afoul of the Act"), and the jury charge in *Hwang*.

To be clear, you need not find that the defendant actually participated in any specific purchase or sale of a security if you find that the defendant participated, or agreed to participate, in the fraudulent conduct that was "in connection with" a "purchase or sale" of securities.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), and the jury charges in *Hwang*, *Guo*, *Perryman*, and *Cole*.

Nor is it necessary for you to find that the defendant was the actual seller or offeror of the securities. It is sufficient if the defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of securities.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), and the jury charges in *Guo*, *Cole*, and *Ahuja*.

By the same token, the Government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the Government establishes that the defendant caused the statement to be made or the fact to be omitted.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), and the jury charges in *Guo*, *Cole*, *Ahuja*, and *Amanat*.

It does not matter whether the alleged scheme or unlawful conduct was successful or not, or that the defendant profited or received any benefit as a result of the scheme. If, however, you find that the defendant expected to or did profit from the scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-21 (2025), and the jury charges in *Castillero*, *Hwang*, and *Guo.*

**REQUEST NO. 11**
**Count Four: Securities Fraud – Second Element**

The second element the Government must prove beyond a reasonable doubt is that the defendant devised or participated in the fraudulent scheme or conduct knowingly, willfully, and with intent to defraud.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-24 (2025), the jury charges in *Castillero*, *Larmore*, *Hwang*, *Cole*, and *Ahuja*, as well as and the Second Circuit's statement of the law in *United States v. Landesman*, 17 F.4th 298, 321 (2d Cir. 2021) ("To establish intent for purposes of the substantive securities fraud charge, the government was required to prove that [the defendant] acted willfully and knowingly and with the intent to defraud.").

I have already defined the terms "devise," "participate" and "knowingly," and you should apply those definitions here.

To act "willfully" means to act voluntarily and with a wrongful purpose. Though the Government must prove that the defendant had an awareness of the general wrongfulness of his conduct, it is not required to prove that the defendant knew that his actions were illegal.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-24 (2025), the jury charges in *Castillero*, *Larmore*, *Hwang*, *Cole*, and *Ahuja*. The willfulness requirement for securities fraud "do[es] not require a showing that a defendant had awareness of the general unlawfulness of his conduct, but rather, that he had an awareness of the general wrongfulness of his conduct." *United States v. Kaiser*, 609 F.3d 556, 569 (2d Cir. 2010); *see also United States v. Petrossi*, 786 F. App'x 286, 289 (2d Cir. 2019) (same).

"Intent to defraud" in the context of the securities laws means to act knowingly and with the specific intent to deceive. It does not require a showing that the defendant acted with an intent to harm.

> Adapted from the jury charge in *Heppner*; *see* United States v. Kaiser, 609 F.3d 556, 568 (2d Cir. 2010); *United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015); *United States v. Pierre*, 22-1274, 2024 WL 676373, at *2 (2d Cir. Feb. 20, 2024).

The question of whether a person acted knowingly, willfully, and with intent to defraud or deceive is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. Direct proof of knowledge and fraudulent intent is almost never available. Science has not yet devised a manner of looking into a person's mind and knowing what the person was thinking. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Such circumstantial evidence of the defendant's intent includes that the defendant made misrepresentations to investors with knowledge that the statements were false.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-24 (2025), the jury charges in *Castillero*, *Larmore*, *Hwang*, *Cole*, and *Ahuja*, as well as and the Second Circuit's statement of the law in *United States v. Landesman*, 17 F.4th 298, 321 (2d Cir. 2021) (approving the well-accepted language concerning the use of circumstantial evidence to prove scienter).
>
> While the last sentence in the proposed instruction relating to circumstantial evidence of the defendant's intent does not appear in the model instruction, it accurately captures the law of the Second Circuit. *See United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999) ("Intent may be proven through circumstantial evidence, including by showing that defendant made misrepresentations to the victim(s) with knowledge that the statements were false."); *United States v. Saint Clair*, No. 22-2100, 2024 WL 413422, at *4 (2d Cir. Feb. 5, 2024) (same); *United States v. Hild*, No. 23-6136, 2025 WL 2153125, at *6 (2d Cir. July 30, 2025) ("fraudulent intent may be proven by showing that the defendant made misrepresentations to the victim(s) with knowledge that the statements were false").

A defendant may have the requisite intent to defraud even if the defendant was motivated by other lawful, proper, or neutral purposes or reasons for his actions.

> Adapted from the jury charge in *Bankman-Fried*, the jury charge of the Hon. Jennifer L. Rochon in *United States v. Brend*, 22 Cr. 551 (Mar. 4, 2024), and the Second Circuit's statement of the law in *United States v. Phillips*, 24-1908, 2025 WL 2528201, at *15 (2d Cir. Sept. 3, 2025) ("The intent element for specific intent crimes … can usually be satisfied even if the defendant has multiple reasons for taking an action, so long as one reason is the intent to deceive."), and *United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2013) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose.").

Because an essential element of the crime charged in Count Four is intent to deceive or defraud, good faith on the part of the defendant is a complete defense. I have already instructed you on good faith and you should apply my instructions here.

**REQUEST NO. 12**
**Count Four: Securities Fraud – Third Element**

The third and final element that the Government must establish beyond a reasonable doubt is that the defendant knowingly used or caused to be used an instrumentality of interstate commerce or the mails or the facilities of a national security exchange in furtherance of the scheme to defraud or the fraudulent conduct.

The term "mails" includes the U.S. Mail and Federal Express. Examples of instrumentalities of interstate commerce include telephone calls, emails, or text messages, the wire transfer of money, or use of a facility of a national securities exchange, such as a stock trade made on the Nasdaq or New York Stock Exchange.

It is not necessary for the Government to prove the mails, an instrumentality of interstate commerce, and a national securities exchange were used in furtherance of the fraudulent scheme. Any one—either the mails *or* an instrumentality of interstate commerce *or* the facilities of a national securities exchange—is enough. But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce or of a national securities exchange. If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce or of a national securities exchange, this element would be satisfied. When one does an act with the knowledge that use of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he causes such means to be used.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce or a national securities exchange did or would contain the

fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it. All that is required is that the use of the mails or instrumentality of interstate commerce or national securities exchange bear some relation to the object of the scheme or fraudulent conduct. In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or instrumentality of interstate commerce, so long as the mails or instrumentality of interstate commerce or national securities exchange are used in furtherance of the scheme and the defendant is still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce are used.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 57-25 (2025), the jury charges in *Larmore*, *Hwang*, *Guo*, *Bankman-Fried*, *Cole*, *Ahuja*, and *Amanat*, and the jury charge given by the Hon. Leonard B. Sand in *United States v. Pignatiello*, 96 Cr. 1032 (July 14, 1999).

**REQUEST NO. 13.**
**Count One: Conspiracy to Commit Wire Fraud – Elements**

Count One charges that the defendant, from in or about 2021 up to and including in or about 2024, participated in a conspiracy to commit wire fraud.

In order to sustain its burden of proof with respect to the wire fraud conspiracy charged in Count One, the Government must prove each of following two elements beyond a reasonable doubt:

*First*, that there was a conspiracy, the goal of which was to commit wire fraud; that is, an agreement or understanding between two or more people existed to commit wire fraud.

*Second*, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to commit wire fraud.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-3 (2025), the jury charges of *Raji* and the Hon. Valerie E. Caproni in *United States v. Washington*, 21 Cr. 603 (June 28, 2024), and the Second Circuit's statement of law in *United States v. DiMassa*, 117 F.4th 477, 487 (2d Cir. 2024) ("Proof of … a conspiracy requires a showing that the defendant agreed with another to commit wire fraud and knowingly engaged in the conspiracy with the intent to commit that offense."), and *United States v. Zemlyansky*, 908 F.3d 1, 10 (2d Cir. 2018) (conspiracy to commit wire fraud requires proof of "(1) an agreement between at least two people to commit an unlawful act, and (2) the defendant's knowing engagement in the conspiracy with the specific intent that the object of the conspiracy be committed"). "[P]roof of an overt act is not a required element for a conspiracy conviction under 18 U.S.C. § 1349." *United States v. Roy*, 783 F.3d 418, 421 (2d Cir. 2015).

**REQUEST NO. 14**
**Count One: Conspiracy to Commit Wire Fraud – First Element**

The first element that the Government must prove beyond a reasonable doubt is the existence of a conspiracy. A conspiracy is an agreement or understanding between two or more persons to accomplish by joint action a criminal or unlawful purpose.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4 (2025), the jury charge in *Raji*, and the Second Circuit's statement of law in *United States v. Desimone*, 119 F.3d 217, 223 (2d Cir. 1997) ("In order to prove a conspiracy, the government *must show* that two or more persons agreed to participate in a joint venture intended to commit an unlawful act.").

To establish the existence of a conspiracy, the Government is not required to show that the agreement was explicit, express, or formal, or that that two or more people sat around a table and entered into a formal contract or solemn pact to form a conspiracy. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, the roles that everyone would play, every precise detail of the scheme, or the means by which its object or purpose was to be accomplished. There need not be any written statement or even a speaking of words that expressly communicates agreement. Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to unexpressed understanding. If you find beyond a reasonable doubt that two or more persons came to a mutual understanding, either spoken or unspoken, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4 (2025), the jury charge in *Raji*, and the Second Circuit's statement of law in *United States v. Amiel*, 95 F.3d 135, 144 (2d Cir. 1996) ("The agreement need not be shown to have been explicit. It can instead be inferred from the facts and circumstances of the case. A tacit understanding will suffice to show agreement for purposes of a conspiracy conviction. There need not be any written statement or even a speaking of words which expressly communicates

> agreement."), *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("the coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes"), *United States v. Rubin*, 844 F.2d 979, 984 (2d Cir. 1988) ("The government's proof of an agreement does not require evidence of a formal or express agreement; it is enough that the parties have a tacit understanding to carry out the prohibited conduct."), and *United States v. Cassino*, 467 F.2d 610, 618 (2d Cir. 1972) (approving of instructions that "the government is not required to show that two or more persons sat around a table and then entered into a solemn pact orally or in writing stating that they have formed a conspiracy" and "Your common sense will tell you that when men in fact undertake to enter into a criminal conspiracy, much is left to the unexpressed understanding").

It is not necessary that the agreement or understanding existed from the inception of the scheme. If there is such an agreement or understanding at any time, it is sufficient.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4 (2025), and *Pereira v. United States*, 347 U.S. 1, 12 (1954) ("It is not necessary that an agreement to use the mails or transport stolen property exist from the inception of the scheme to defraud.").

You may, of course, find that the existence of a conspiracy has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. You may consider acts and conduct of the alleged co-conspirators that were done to carry out an apparent criminal purpose. In the context of conspiracy cases, actions often speak louder than words. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the individual conspirators, but when taken together and considered as a whole, these acts or conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4 (2025), the jury charge in *Raji*, and the Second Circuit's statement of law in *United States v. Sanzo*, 673 F.2d 64, 69 (2d Cir. 1982)

(conspiracy may be "established … through circumstantial evidence"), and *United States v. Hild*, 23-6136, 2025 WL 2153125, at *4 (2d Cir. July 30, 2025) ("because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel"), *United States v. Rutigliano*, 790 F.3d 389, 402 (2d Cir. 2015) (affirming the use of the instruction that "sometimes, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual conspirators"), and *United States v. Cassino*, 467 F.2d 610, 619 (2d Cir. 1972) (district court's charge that "actions often speak louder than words" was appropriate in explaining the concept of conspiracy).

The object—or objective—of a conspiracy is the illegal purpose the co-conspirators agree or hope to achieve. The object of the conspiracy alleged in Count One is the wire fraud charged in Count Two. I have already instructed you on the elements of wire fraud, and you should apply my instructions here.

You may find the defendant guilty of the crime of conspiracy to commit wire fraud even if the crime that was the object of the conspiracy was not actually committed, was unattainable from the very beginning, or was impossible to carry out successfully.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-10 (2025), the jury charge in *Raji*, the Supreme Court's statement of the law in *United States v. Jimenez Recio*, 537 U.S. 270, 275 (2003) ("impossibility does not terminate conspiracy"), and the Second Circuit's statement of the law in *United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal."), and *United States v. Wallace*, 85 F.3d 1063, 1068 (2d Cir. 1996) ("That the conspiracy cannot actually be realized because of facts unknown to the conspirators is irrelevant.").

**REQUEST NO. 15**
**Count One: Conspiracy to Commit Wire Fraud – Second Element**

The second element that the Government must prove beyond a reasonable doubt is that the defendant knowingly and intentionally became a member of the conspiracy with the intent to commit wire fraud. In other words, the Government must prove that the defendant knew of the conspiracy and that, with such knowledge, he voluntarily participated in it.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025), the jury charges of *Perryman, Brennerman, and* the Hon. Valerie E. Caproni in *United States v. Washington*, 21 Cr. 603 (June 28, 2024).

Now obviously science has not yet devised a manner of looking into a person's mind and knowing what the person was thinking. To make that determination, you may look to the evidence of certain acts that are alleged to have taken place by or with the defendant or in his presence. You may consider circumstantial evidence based on the defendant's outward manifestation, his words, his conduct, his acts, and all of the surrounding circumstances of which you have heard evidence, and the rational and logical inferences that may be drawn therefrom.

> Adapted from the jury charge in *Bankman-Fried*, and the Second Circuit's statement of the law in *United States v. Stewart*, 485 F.3d 666, 671 (2d Cir. 2007) ("Both the existence of a conspiracy and a given defendant's participation in it with the requisite knowledge and criminal intent may be established through circumstantial evidence." (collecting cases)).

You may also consider the acts and statements made by any member of the conspiracy, during the course of and in furtherance of the conspiracy, in determining whether the defendant knowingly and intentionally entered into the conspiracy.

> Adapted from the jury charges approved of in *United States v. Lanese*, 890 F.2d 1284, 1290 (2d Cir. 1989) ("It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators and the

> reasonable inferences which may be drawn from them."), and *United States v. Stephenson*, 53 F.3d 836, 847 (7th Cir. 1995) (instruction "informing the jury that it may consider, not only the statements of co-conspirators, but also their acts" as "circumstantial evidence to deduce what Defendants' actions were" was "an accurate statement of the law").
>
> It had been standard practice in this District to give a charge, similar to that found in Judge Sand's treatise as Instruction 19-9, which invites the jury to consider whether declarations were in furtherance of the conspiracy. The Second Circuit has expressly disapproved such a charge, and the Government respectfully requests that the Court decline to give such a charge. *See United States v. Mastropieri*, 685 F.2d 776, 789–90 (2d Cir. 1982) ("We therefore expect that trial judges in this circuit not only will shoulder the responsibility of making the determination of admissibility … but will hereafter refrain from giving the jury a 'second bite'."); *see id.* at 790 n.13 (noting that leading treatises suggest that "no instruction needs or ought to be given to jury with respect to its use of conspirator's statements").

To become a member of the conspiracy, the defendant need not have been fully informed as to its scope and all of its details nor have known the identities and activities of each and every other participant in the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025), the jury charges in *Bankman-Fried* and *Brennerman*, and from the Second Circuit's statement of the law in *United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008) ("The government need not show that the defendant knew all of the details of the conspiracy, so long as he knew its general nature and extent."), *United States v. Sureff*, 15 F.3d 225, 230 (2d Cir. 1994) ("A single conspiracy may encompass members who neither know one another's identities, nor specifically know of one another's involvement." (citations omitted)), and *United States v. Wiley*, 846 F.2d 150, 153-54 (2d Cir. 1988) ("The government does not have to prove that the accused knew every objective of the conspiracy, every detail of the scheme's operation, or the identity of every coconspirator.").

The defendant need not have joined the conspiracy at the outset. He may have joined at any time, and if he joined, he will still be held responsible for the acts done after joining. Once a person is found to be a member of a conspiracy, he is presumed to continue as a member of the

conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the defendant withdrew and disassociated himself from the conspiracy.

> Adapted from the jury charges in *Bankman-Fried* and *Brennerman*, as well as from the Second Circuit's statement of the law in *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.").

The extent of the defendant's participation has no bearing on the issue of defendant's guilt. Each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025), the jury charge in *Brennerman*, and the jury charge given by the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (Mar. 10, 2017), as well as from the Second Circuit's statement of the law in *United States v. Guldi*, 141 F.4th 435, 447 (2d Cir. 2025) (affirming an instruction that a "conspirator's liability is not measured by the extent or duration of his or her participation or whether he or she joined at the outset or some later time."), and *United States v. Tramunti*, 513 F.2d 1087, 1111 (2d Cir. 1975) ("We have said numerous times that a single act may be sufficient for an inference of involvement in a criminal enterprise of substantial scope at least if the act is of a nature justifying an inference of knowledge of the broader conspiracy.").

It is not necessary that the defendant receive any monetary benefit from his participation in the conspiracy or had a financial stake in the outcome, so long as he in fact joined the conspiracy. However, if you find that the defendant had such a financial interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025), the jury charges in *Bankman-Fried* and *Brennerman*, as well as from the jury instruction approved of in *United States v. Torres*,

> 901 F.2d 205, 244 (2d Cir. 1990) ("I instruct you that it is not necessary that a defendant receive any monetary benefit from his participation in the conspiracy or have a financial stake in the outcome as long as he in fact participated in it in the way I have just explained."), and *United States v. Garcia*, 509 F. App'x 40, 42 (2d Cir. 2013) (same).

Keep in mind, however, that the defendant's mere presence at the scene of the alleged crime, or mere association with one or more members of the conspiracy does not, by itself, make him a member of the conspiracy. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy. That said, the defendant's presence or association is a factor that you may consider among others to determine whether a defendant was a member of the conspiracy. The defendant's presence may establish his membership in a conspiracy, if all of the circumstances considered together show that his presence was meant to advance the goals of that conspiracy. He must not only have been present, but he must have known about the conspiracy and he must have intended by his presence to participate in the conspiracy or to help it succeed. In other words, presence itself may demonstrate membership in a conspiracy only if that presence is a functional part of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025), and from the jury instruction approved of in *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir. 1993) (concluding that the district court "quite properly instructed the jury that presence under circumstances that advance the purpose of the conspiracy would be sufficient to support a finding of guilt").

Moreover, mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with

knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025), and from the Second Circuit's statement of the law in *United States v. Svoboda*, 347 F.3d 471 (2d Cir. 2003), which explains that "trial judges routinely charge" the jury with the above instruction "to ensure that jurors do not mistakenly conflate the knowledge and intent aspects of the *mens rea* necessary to prove a defendant's joinder in a conspiracy." *Id.* at 479 n.8.

In sum, you must find beyond a reasonable doubt that the defendant, with an understanding of the criminal purpose of the conspiracy, intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement; that is to say, a conspirator.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025).

**REQUEST NO. 16**
**Count Three: Conspiracy to Commit Securities Fraud –Elements of the Offense**

Count Three charges the defendant with participating in a conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371.

In order to sustain its burden of proof with respect to the securities fraud conspiracy charged in Count Three, the Government must prove each of following three elements beyond a reasonable doubt:

*First*, the existence of the conspiracy, the goal of which was to commit securities fraud; that is, an agreement or understanding between two or more people existed to commit securities fraud;

*Second*, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to commit securities fraud; and

*Third*, that any one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-7 (2025) and the jury charge in *Bankman-Fried*.

**REQUEST NO. 17**
**Count Three: Conspiracy to Commit Securities Fraud – First Element**

The first element that the Government must prove beyond a reasonable doubt is the existence of a conspiracy. I have already instructed you on this element as to Count One and you should apply my instructions here. The object of the conspiracy charged in Count Three is securities fraud, whereas the object of the conspiracy charged in Count One is wire fraud.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4 (2025), the jury charge in *Raji*, and the Second Circuit's statement of law in *United States v. Desimone*, 119 F.3d 217, 223 (2d Cir. 1997) ("In order to prove a conspiracy, the government *must show* that two or more persons agreed to participate in a joint venture intended to commit an unlawful act.").

**REQUEST NO. 18**
**Count Three: Conspiracy to Commit Securities Fraud – Second Element**

The second element that the Government must prove beyond a reasonable doubt is that the defendant knowingly and intentionally became a member of the conspiracy with the intent to commit securities fraud. I have already instructed you on this element with respect to Count One, conspiracy to commit wire fraud, and you should apply my instructions here.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6 (2025), the jury charges of *Perryman, Brennerman,* and the Hon. Valerie E. Caproni in *United States v. Washington*, 21 Cr. 603 (June 28, 2024).

**REQUEST NO. 19**
**Count Three: Conspiracy to Commit Securities Fraud – Third Element**

With respect to Count Three, and only Count Three, the third and final element that the Government must prove beyond a reasonable doubt is that one of the co-conspirators—not necessarily the defendant—knowingly committed at least one overt act in furtherance of that conspiracy. In other words, there must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of that conspiracy. To put it another way, the agreement must have gone beyond merely talking.

The Indictment sets forth an overt act which I will now read to you. *[The Court is respectfully requested to read the over act for Count Three.]* While the Government may satisfy the overt act element by proving the overt act listed in the Indictment, it is not required or necessary for the Government to prove any particular overt act listed in the Indictment. It is enough if the Government proves at least one overt act was committed in furtherance of the conspiracy regardless of whether it is alleged in the Indictment or not.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-7 (2025) the jury charge in *Bankman-Fried*, and the Second Circuit's statement of law in *United States v. Salmonese*, 352 F.3d 608, 619 (2d Cir. 2003) ("the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment"), and *United States v. Kozeny*, 667 F.3d 122, 131–32 (2d Cir. 2011) ("the government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant").

Similarly, you need not find that the defendant himself committed the overt act. It is sufficient for the Government to show that one of the alleged conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all the members of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-7 (2025), the jury charge in *Bankman-Fried*, and the Second Circuit's

> statement of law in *United States v. Tzolov*, 642 F.3d 314, 320 (2d Cir. 2011) ("An overt act is any act performed by any conspirator for the purpose of accomplishing the objectives of the conspiracy.").

For the overt act listed in the Indictment, the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-7 (2025) and the jury charge in *Bankman-Fried*.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an object of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-7 (2025), the jury charge in *Bankman-Fried*, and the Second Circuit's statement of law in *United States v. Tzolov*, 642 F.3d 314, 320 (2d Cir. 2011) ("The act need not be unlawful; it can be any act, innocent or illegal, as long as it is done in furtherance of the object or purpose of the conspiracy."), and *United States v. Kozeny*, 667 F.3d 122, 131–32 (2d Cir. 2011) ("the overt act taken in furtherance of the conspiracy need not be a crime").

A conspirator's receipt of profits from the conspiracy can, by itself, constitute an overt act in furtherance of the conspiracy.

> Adapted from *United States v. Rutigliano*, 790 F.3d 389, 400 (2d Cir. 2015) (noting the "ordinary rule set out in *United States v. Salmonese*, 352 F.3d 608 (2d Cir.2003), that a conspirator's receipt of anticipated benefits within the limitations period can, by itself, constitute an overt act in furtherance of an ongoing conspiracy.").

Finally, although you must find unanimously that some overt act in furtherance of the conspiracy has been proved, you do not have to be unanimous as to which act.

> Adapted from *United States v. Kozeny*, 667 F.3d 122, 131–32 (2d Cir. 2011) ("[T]he jury need not agree on a single overt act to sustain a conspiracy conviction … although proof of at least one overt act is necessary to prove an element of the crime, which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself element of the crime. The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy.").

**REQUEST NO. 20**
**Count Six: Witness Tampering - Elements of the Offense**

Count Six of the Indictment alleges that the defendant engaged in witness tampering, in violation of Title 18, United States Code, Section 1512(b)(1). The person with whom the defendant is alleged to have tampered is Nicholas Bennett.

To prove witness tampering, in violation of Section 1512(b)(1), the Government must prove the following two elements beyond a reasonable doubt:

*First*, that the defendant knowingly used intimidation, threatened, or corruptly persuaded another person, or attempted to do so, or engaged in misleading conduct toward another person; and

*Second*, that the defendant acted knowingly and with the intent to influence, delay, or prevent the testimony of another person in an official proceeding.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 46-59; the jury charge in *Murray*, and the jury charges by the Hon. Valerie E. Caproni in *United States v. Calypso*, 17 Cr. 224 (Aug. 15, 2017) and the Hon. Paul A. Crotty in *United States v. Baldeo*, 13 Cr. 125 (Aug. 7, 2014). *See also United States v. Thompson*, 76 F.3d 442, 453 (2d Cir. 1996) (identifying elements of § 1512(b)(1)); *United States v. Persico*, 645 F.3d 85, 105 (2d Cir. 2011).

**REQUEST NO. 21**
**Count Six: Witness Tampering – First Element**

The first element of witness tampering that the Government must prove beyond a reasonable doubt is that the defendant knowingly intimidated, threatened, or corruptly persuaded Nicholas Bennett, or attempted to do so, or engaged in misleading conduct toward Mr. Bennett.

Intimidation includes frightening a person, inspiring or affecting him by fear or deterring him by threats. It does not matter whether or not the person alleged to be the object of the threat is actually frightened, or thinks she is in physical danger. It is enough that the threat had a reasonable tendency to make the person fearful.

A threat is simply the expression of an intention to do harm. A threat may be communicated by words as well as gestures. The government is not required to prove that the defendant used words that expressly stated that he would do harm. It is sufficient if his words or conduct were designed to arouse fear that the defendant would do harm or cause harm to be done. To find that the defendant used threats, you need not find that he intended to carry out the threat. The real issue is whether the words allegedly used were in fact uttered by him, and expressed an intention to do harm.

To act "corruptly" means to act knowingly with a wrongful or improper purpose. To "persuade" means to convince or induce another person to engage in certain conduct. For purposes of witness tampering, "corruptly persuades" includes attempting to convince or induce another person to not to testify, or to give false or misleading testimony.

"Misleading conduct" means knowingly making a false statement or intentionally omitting information from a statement and thereby causing a statement to be misleading, or intentionally concealing a material fact and thereby creating a false impression by such statement.

I have already defined what it means to act "knowingly," and you should apply that definition here.

This element may be satisfied if the defendant actually used intimidation, threats or corrupt persuasion, or misleading conduct, or if he attempted to do so. You need not find that the defendant did or attempted to do all three of these things; he need only have done one for this element to have been satisfied.

The defendant may be found to have attempted to use intimidation, threats, corrupt persuasion, or misleading conduct if you find beyond a reasonable doubt that the defendant intended to intimidate, threaten, or corruptly persuade another person and that he did some act that was a substantial step in an effort to bring about or accomplish that intention.

> Adapted from the jury charge in *Murray* and the jury charges by the Hon. Valerie E. Caproni in *United States v. Calypso*, 17 Cr. 224 (Aug. 15, 2017), the Hon. Kenneth M. Karas in *United States v. Brega*, 17 Cr. 58 (Apr. 17, 2018), the Hon. Loretta A. Preska in *United States v. Coll*, 15 Cr. 560 (Dec. 1, 2016), the Hon. Paul A. Crotty in *United States v. Baldeo*, 13 Cr. 125 (Aug. 7, 2014), and the Hon. Sidney H. Stein in *United States v. White*, 10 Cr. 516 (Apr. 19, 2011); *see Arthur Andersen v. United States*, 544 U.S. 696, 706 (2005) ("Only persons conscious of wrongdoing can be said to 'knowingly . . . corruptly persuad[e].' And limiting criminality to persuaders conscious of their wrongdoing sensibly allows § 1512(b) to reach only those with the level of 'culpability . . . we usually require in order to impose criminal liability.'"); *United States v. John*, 267 F. App'x 17, 22 (1st Cir. 2008) (unpublished) (approving jury instruction that "defendant acted with an 'improper purpose' and 'had the purpose of corrupt persuasion,' the latter phrase defined as 'includ[ing] an attempt to induce a witness to become unavailable to testify or to testify falsely' and finding instruction was "the substantial equivalent of Arthur Andersen's holding that the defendant must be 'conscious of wrongdoing'"); *United States v. Gotti*, 459 F.3d 296, 343 (2d Cir. 2006) ("This Circuit has defined 'corrupt persuasion' as persuasion that is 'motivated by an improper purpose.'"); *United States v. Price*, 443 F. App'x 576, 581-82 (2d Cir. 2011) (holding that attempting to convince witness not to testify was corrupt persuasion); *United States v. Thompson*, 76 F.3d 442, 563 (2d Cir. 1996) (holding that attempting to convince witness to

give misleading testimony was corrupt persuasion); *see also United States v. Khatami*, 280 F.3d 907 (9th Cir. 2001) (holding that "one who attempts to 'corruptly persuade' another is . . . motivated by an inappropriate or improper purpose to convince another to engage in a course of behavior).

**REQUEST NO. 22**
**Count Six: Witness Tampering – Second Element**

The second element of witness tampering the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and with intent to influence the testimony of Nicholas Bennett in an official proceeding.

I have already explained that a person acts "knowingly" if he acts purposefully, voluntarily, and deliberately, rather than by mistake, accident, mere negligence, or some other reason.

To act with intent to influence the testimony of a witness means to act for the purpose of getting that witness to change, color or shade his testimony in some way. The Government does not need to prove that the witness actually changed his testimony.

An official proceeding means a proceeding before a court, judge, or federal agency, and that includes a federal criminal trial. The law does not require that the federal proceeding be pending at the time of the defendant's actions, as long as the defendant knew that his actions were likely to affect the proceeding.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 46-59, the jury charge in *Murray*, and the charge of the Hon. Lorna G. Schofield in *United States v. Chambers*, 13 Cr. 345 (Sept. 29, 2014); *see United States v. Capo*, 791 F.2d 1054, 1069 (2d Cir. 1986) ("We see no requirement in the statute that the attempt must have succeeded; nor will we imply one."), *reversed on other grounds in part on rehearing*, 817 F.2d 947 (2d Cir. 1987).

**REQUEST NO. 23**
**Aiding and Abetting**

As I have instructed you, the defendant has been charged with substantive counts of wire fraud, securities fraud, and witness tampering. As to each of those counts—Counts Two, Four, Five, and Six—the defendant has also been charged with what is called aiding and abetting.

Aiding and abetting a crime is one manner of committing that crime. A defendant can be convicted of committing a crime if he helps someone else to commit the crime. For example, if the Government proves beyond a reasonable doubt that the defendant committed the substantive wire fraud alleged in Count Two, then you need not consider aiding and abetting with respect to that count. If, however, you find that the Government did not prove beyond a reasonable doubt that that defendant engaged in the wire fraud charged in Count Two, to continue using that count as an example, you should consider whether the Government has nonetheless proved beyond a reasonable doubt that that defendant aided and abetted someone else in the commission of wire fraud as alleged in that count. And again, while I have used Count Two as an example, this concept of aiding and abetting is also alleged in Counts Four, Five, and Six.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. A person who aids and abets another to commit a substantive crime is just as guilty of that crime as if he had personally committed it. You may thus find the defendant guilty if you find beyond a reasonable doubt that the Government has proven that someone committed the substantive offense, and that the defendant helped or assisted that person in the commission of the offense.

The first requirement of aiding and abetting liability is that somebody else has committed the crime at issue. The defendant cannot be convicted of aiding and abetting if nobody committed the underlying crime. But if you do find that the underlying crime at issue was committed by

someone other than the defendant, you should consider whether the defendant aided or abetted the person who actually committed the crime.

To aid and abet another to commit a crime, the defendant must have willfully and knowingly associated himself in some way with the crime, and he must have willfully and knowingly sought by some act to help make the crime succeed. In the aiding and abetting context, participation in a crime is willful if action is taken voluntarily and intentionally.

The mere presence of the defendant in a place where a crime is being committed, even coupled with knowledge that a crime is being committed, is not enough to make him an aider and abettor. The defendant's acquiescence in the criminal conduct of others, even with guilty knowledge, is not enough to establish aiding and abetting. An aider and abettor must have his or her own affirmative interest in the criminal venture.

To determine whether the defendant aided and abetted the commission of the crime, ask yourself these questions:

Did someone other than the defendant commit the crime at issue? If no, please go on to the next count.

Did the defendant participate in the crime charged as something that he wished to bring about?

Did he associate himself with the attempt to commit the crime by other people knowingly and willfully?

Did he seek by his or her actions to make their criminal venture succeed?

If so, the defendant is an aider and abettor, and therefore he is guilty of the offense under consideration. If not, then the defendant is not an aider and abettor, and he is not guilty as an aider and abettor of the offense under consideration.

Adapted from the jury charges in *Garelick*, *Goel*, *Bankman-Fried*, and *Raji.*

**REQUEST NO. 24**
**Willfully Causing a Crime**

The second way in which the Government can prove a defendant's guilt under 18 U.S.C. § 2 on Counts Two, Four, Five and Six is through a finding beyond a reasonable doubt that the defendant willfully caused a crime. Section 2(b) of the aiding and abetting statute, which relates to willfully causing a crime, reads as follows:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a federal crime].

The term "willfully caused" means that the defendant himself need not have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

*First*, did the defendant have the mental state necessary to commit the offenses you are considering; and

*Second*, did the defendant intentionally cause another person to commit the action or actions that constituted the crime?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then that defendant is guilty of the crime charged just as if the defendant himself or herself had actually committed it. To find the defendant guilty under this provision of the statute, the Government need not prove that he acted through a guilty person. Instead, the defendant can be

found guilty even if he acted through someone who has no knowledge of the illicit acts charged in the indictment or otherwise is not guilty of any crime.

Adapted from the jury charges in *Garelick*, *Goel*, and *Avenatti*.

**REQUEST NO. 25**
**Presence of Counsel**
***[If applicable]***

You have heard evidence that the defendant may have communicated with attorneys during the time period at issue in this case. You may consider these communications, like all others of the defendant's as to which evidence is received, as evidence that may bear on the defendant's state of mind and intentions and to give that evidence whatever weight, if any, you deem appropriate considering all the other facts. However, a lawyer's involvement does not, itself, constitute a defense to the charges in this case. The defense has not claimed that the defendant's conduct was lawful because he engaged in such conduct in good-faith reliance on the advice of a lawyer. Both parties agree that the evidence does not support that the defendant acted on the advice of an attorney.

Adapted from the jury charges in *Castillero*, *Bankman-Fried*, and *Larmore*.

**REQUEST NO. 26**
**Conscious Avoidance**

As I explained with respect to each count charged in the Indictment, the Government is required to prove that the defendant acted knowingly. In determining whether the defendant has knowledge of a fact, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious. As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that the defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. We refer to this concept, this notion of blinding yourself to what is staring you in the face, as “conscious avoidance” or “willful blindness.”

With respect to the substantive securities fraud, wire fraud, and witness tampering crimes charged in Counts Two, Four, Five, and Six of the Indictment, in determining whether the Government has proven beyond a reasonable doubt that the defendant had knowledge or acted “knowing” that a certain thing was intended or would occur, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law. And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning explicitly what was obvious anyway, he did not actually know the incriminating fact.

Accordingly, if you find that the defendant was aware of a high probability of a fact, and that defendant acted with deliberate disregard of the fact, you may find that the defendant knew that fact. However, if you find that the defendant actually believed that the fact was not true, then you may not find that he knew that fact. You must also remember that guilty knowledge may not

be established by demonstrating that the defendant was merely negligent, reckless, foolish, or mistaken.

With respect to the conspiracy charges in Counts One and Three, "conscious avoidance," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy. It is logically impossible for a defendant to agree to join the conspiracy unless he affirmatively knows that the conspiracy exists. However, if you find that the defendant entered into such an agreement, in considering whether he knew the illegal object of the conspiracy, you may consider whether the defendant was aware of a high probability that facts were so, but took deliberate and conscious action to avoid confirming those facts. In other words, if you find beyond a reasonable doubt that the defendant deliberately avoided learning or confirming the illegal object of the conspiracy, such as by purposely closing his eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of learning a fact as the equivalent of knowledge. If, however, the defendant actually believed that he was not a party to an illegal agreement, or if the defendant was merely negligent or careless with regard to what knowledge he had, he lacked the knowledge necessary to become a coconspirator.

> Adapted from the jury charges in *Bankman-Fried* and of the Hon. Paul A. Crotty in *United States v. Campo Flores*, 15 Cr. 765 (Nov. 18, 2016) (conscious avoidance instruction affirmed by *United States v. Campo Flores*, 945 F.3d 687, 715 (2d Cir. 2019)), and from Sand, *Modern Federal Jury Instructions*, Instr. 3A, and *United States v. Goffer*, 721 F.3d 113 (2d Cir. 2013). *See also United States v. Ferguson*, 676 F.3d 260, 278 (2d Cir. 2011) (Government "need not choose between an 'actual knowledge' and a 'conscious avoidance' theory"); *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) ("A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact."); *United States v. Reyes*, 302 F.3d 48, 55 (2d Cir. 2002) (discussing conscious avoidance in conspiracy cases and noting that "the jury may use the conscious

avoidance doctrine to establish the defendant's knowledge of the aims of the conspiracy but, as just noted, may not use it to establish the defendant's intent to participate in the conspiracy"); *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) (conscious avoidance instruction should include the "high probability" and actual belief language).

**REQUEST NO. 27.**
**Venue**

In addition to all of the elements I have described, you must decide, separately with respect to each count, whether the crime occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, as well as Westchester, Putnam, Rockland, Orange, Dutchess, and Sullivan Counties.

This requirement is called "venue." Venue refers to the fact that the Government must prove, by a preponderance of the evidence, that a charge was properly brought in this court as opposed to a different federal court. You must determine whether the Government has proven venue separately for each out.

For Counts Two and Five, the wire-fraud charges, it is sufficient to establish venue if the defendant caused any interstate wire in furtherance of the offense—such as an email, phone call, internet broadcast, or financial transaction—to be transmitted into or out of the District. The wire itself need not be criminal or fraudulent, as long as it was transmitted or caused to be transmitted as part of the scheme. The wire also need not have been sent or received by the defendant, so long as it was part of the crime you find that he committed.

For Count Four, securities fraud, it is sufficient to establish venue if any act or transaction constituting the offense occurred in the Southern District of New York, and the defendant either intentionally or knowingly caused the act to occur in the district, or it is foreseeable that such an act would occur in the District. Acts or transactions constituting the offense can include, but are not limited to, where fraudulent or misleading conduct takes place; where communications in furtherance of the crime are made or received; where trades are executed, cleared, or settled; and where counterparties to trades consummate the transaction. The acts or transactions must constitute the securities fraud violation—acts that are merely preparing to commit the crime are

insufficient—but an act is not merely preparatory if it represents a substantial step toward the commission of the fraudulent scheme.

For Counts One and Three, the conspiracy charges, it is sufficient to satisfy the venue requirement if any act in furtherance of the conspiracy occurred in the Southern District of New York. The Government need not prove that the entirety of the conspiracy was committed in the District, or that the defendant was ever present here. The Government also need not prove that the act in the District was illegal, so long as it was done in furtherance of the conspiracy.

Finally, for Count Six, the witness-tampering charge, venue is proper if the acts constituting the alleged witness tampering occurred in the Southern District of New York. The acts constituting the witness tampering include where the allegedly tampering statements or conduct were made, transmitted, and received. Separately, it is also sufficient to establish venue if the alleged witness tampering influenced, or attempted to influence, an official proceeding in the Southern District of New York.

For all of the counts in the Indictment, the Government does not have to prove that a completed crime was committed in the Southern District of New York, or that the defendant was present in the Southern District of New York. Moreover, unlike the elements of the charged offenses, which must be proven beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence. That is, the Government must show simply that it is more likely than not that venue is proper here.

> Adapted from the jury charges in *Chastain*, *Goel*, *Ansah*, *Milton*, *Bankman-Fried, Pukke, Heppner*, and the jury charges of the Hon. Lorna G. Schofield in *United States v. Whitehead*, 22 Cr. 692 (Feb. 26, 2024). With respect to wire fraud, *see United States v. Rutigliano*, 790 F.3d 389, 396-97 (2d Cir. 2015). With respect to securities fraud, *see United States v. Lange*, 834 F.3d 58, 70 (2d Cir. 2016); *United States v. Royer*, 549 F.3d 886, 895 (2d Cir. 2008); *United States v. Levis*, 488 F. App'x 481, 485 (2d Cir. 2018); *United*

*States v. Khalupsky*, 5 F.4th 279, 292 (2d Cir. 2021). With respect to conspiracy, *see United States v. Rommy*, 506 F.3d 108, 119 (2d Cir. 2007); *United States v. Tzolov*, 642 F.3d 314, 319-20 (2d Cir. 2011). With respect to witness tampering, *see* 18 U.S.C. § 1512(j); *Abouammo v. United States*, 146 S. Ct. 1571 (2026).

**REQUEST NO. 28.**
**False Exculpatory Statements**

You have heard recordings or seen statements by a defendant, which are in evidence, in which he claimed that his conduct was consistent with innocence and not guilt. The Government claims that those statements in which he exonerated or exculpated himself were false. If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged. Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you the jury to decide.

Adapted from the charges in *Bankman-Fried* and *Brennerman*.

**REQUEST NO. 29**
**Other Act Evidence**

The Government has offered evidence tending to show that on prior occasions the defendant engaged in conduct similar to the charges in the Indictment. In that connection, let me remind you that the defendant is not on trial for committing these acts not alleged in the Indictment. Accordingly, you may not consider this evidence of the similar acts as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.

The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose. If you determine that the defendant participated in the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in participating in the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons. Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the Indictment.

Adapted from the jury charge in *United States v. Ansah*, 19 Cr. 752 (JMF).

**REQUEST NO. 30**
**Variance in Dates, Amounts**

The Indictment refers to various dates and amounts. I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month, but the testimony indicates that in fact it was a different date or month. Nor does it matter if the Indictment alleges that a transaction involved a specific number of shares or amount of money, but the testimony indicates that it was a different amount. The law requires only a substantial similarity between the dates, months, and amounts alleged in the Indictment and the dates, months, and amounts established by the evidence.

Adapted from the jury charge in *Garelick*.

**REQUEST NO. 31**
**Uncalled Witnesses – Equally Available or Unavailable**

There are people whose names you heard during the course of the trial that did not appear in court to testify. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and that the burden always rests with the Government to prove the defendant's guilt beyond a reasonable doubt.

Adapted from the jury charges in *Chastain*, *Garelick*, *Chow*, and *Parnas*.

**REQUEST NO. 32**
**Preparation of Witnesses**

You have heard evidence that, prior to appearing in court, witnesses have discussed the facts of the case and their testimony with attorneys. Although you may consider this fact when you are evaluating a witness's credibility, I should tell you that there is nothing improper or unusual about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about, and can focus on those subjects and have the opportunity to prepare or review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Adapted from the jury charges in *Chastain*, *Chow*, *Garelick*, *Parnas*, and *Pukke*.

**REQUEST NO. 33**
**Other Individuals Not on Trial**

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the jury charge in *Bankman-Fried*, *Parnas*, and *Pukke.*

**REQUEST NO. 34**
**Law Enforcement or Government Witnesses**
***[If Applicable]***

You have heard the testimony of witnesses employed as law enforcement officials and of employees of various Government agencies or regulators. The fact that a witness may be employed by federal or state agencies or regulators does not mean that his or her testimony is necessarily deserving of any more or any less consideration, or greater or lesser weight, than that of any other witness. It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give that testimony whatever weight you find it deserves.

Adapted from the jury charges in *Chastain*, *Garelick*, and *Chow*.

**REQUEST NO. 35**
**Witnesses: Cooperation and Non-Prosecution Agreements**

You have heard testimony from witnesses who have entered into agreements with the government. One did so in connection with a plea of guilty. Two other witnesses testified that they had entered into non-prosecution agreements with the government. The law allows the use of testimony from such witnesses. You cannot draw any conclusions or inferences of any kind about the guilt of the defendant in this case merely from the fact that a witness at this trial pleaded guilty to crimes that may be similar or related to the crimes for which the defendant is charged. The decision of a witness to plead guilty was a personal decision that the witness made about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant.

With respect to each of these witnesses, your concern is whether a witness has given truthful testimony in this courtroom. In addition to using all of the other considerations I have described to evaluate testimony. In evaluating the testimony of those witnesses, you should also consider what effect, if any, the agreements have had on the witness's motive to tell the truth.

The law allows the use of testimony from witnesses who have testified that they were actually involved in crimes related to those charged in the indictment. Indeed, it is the law in federal courts that the testimony of such witness may be enough in itself for a conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt. It is also, however, the case that such testimony must be scrutinized with great care and viewed with particular caution. The fact that a witness has admitted to participating in the criminal charges can be considered by you as bearing upon the witness' credibility. It does not follow, however, that simply because a person has admitted to participating in a crime that that person is incapable of giving a truthful version of what happened.

Adapted from the jury charges in *Perryman* and *Bankman-Fried*.

**REQUEST NO. 36**
**Expert Testimony**

You heard the testimony of a witness who I certified as an expert. Such testimony, which we refer to as "expert testimony," was presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider the witness's qualifications, her opinions, her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case. You should not, however, credit the opinion testimony just because I allowed the witness to testify as an expert. Nor should you substitute the expert's opinion for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Adapted from the jury charges in *Chastain*, *Garelick*, and *Pukke.*

**REQUEST NO. 37**
**Defendant's Testimony [or Defendant's Right Not to Testify]**

[*If the defendant testifies:*] A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, it is the Government's burden to prove the defendant guilty beyond a reasonable doubt, and that burden remains on the Government at all times. In this case, the defendant did testify, and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness.

[*If the defendant does not testify and requests an instruction concerning election not to do so:*] The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant.

A defendant is never required to prove that he is innocent. Therefore, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against that defendant in any way in your deliberations in the jury room.

> Adapted from the jury charges in *Chastain*, *Chow, Garelick*, *Parnas*, and *Pukke*. *See also United States v. Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006) (regarding instruction about defendant's testimony).

**REQUEST NO. 38**
**Particular Investigative Techniques**
**[*If Applicable*]**

You have heard reference to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement, however, that the Government prove its case through any particular means. The Government is not on trial, and law enforcement techniques are not your concern. Your concern is to determine whether or not the Government has proven the guilt of the defendant beyond a reasonable doubt.

> Adapted from the jury charges in *Chastain*, *Chow, Garelick*, and *Parnas.*

**REQUEST NO. 39**
**Use of Audio Recordings and Transcripts**
**[*If Applicable*]**

Audio recordings and transcripts have been admitted into evidence. Whether you approve or disapprove of the recording of the activity may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is lawful, and it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

The transcripts are only aids; the recordings themselves are the evidence. If you wish to hear any of the recordings again, they will be made available to you during your deliberations.

Adapted from the jury charges in *Goel* and *Brennerman*.

**REQUEST NO. 40**
**Charts and Summaries: Admitted as Evidence**
**[*If Applicable*]**

The parties presented exhibits in the form of charts and summaries. As you will recall, some of the charts and summaries were not admitted into evidence, but were shown to you as aids to make the other evidence more meaningful and to help you in considering the evidence. Others were admitted into evidence as exhibits. I admitted these charts and summaries in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. They are no better than the testimony or the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits upon which they were based.

Adapted from the jury charges in *Chastain* and *Garelick*.

**REQUEST NO. 41**
**Stipulations**
**[*If Applicable*]**

In this case you have also heard evidence in the form of stipulations. A stipulation of fact is an agreement between the parties, including that a certain fact is true. You must regard such agreed-upon facts as true.

A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

Adapted from the jury charge in *Chastain*.

## CONCLUSION

The Government respectfully reserves the right to submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
October 2, 2026

Respectfully submitted,

JAMES MCDONALD
United States Attorney for the
Southern District of New York

By: ______________________________
Thomas S. Burnett
Marguerite B. Colson
Alexandra Rothman
Assistant United States Attorneys
(212) 637- 1064 / -2587 / -2580