UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

*v.*

JOSHUA WANDER,

*Defendant.*

**No. S1 25 Cr. 473 (JPO)**

**DEFENDANT JOSHUA WANDER'S PROPOSED VOIR DIRE**

Defendant Joshua Wander ("Mr. Wander" or the "Defendant") respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. Mr. Wander respectfully reserves the right to supplement or modify these requests, including in light of the government's proposed voir dire, the Court's rulings on pretrial motions, and the parties' final witness and exhibit lists.

Mr. Wander also requests that the Court pursue more detailed questioning at the sidebar if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the government or the Defendant. In addition, if a juror's answer reveals that the juror may have seen or become aware of the charges against Mr. Wander, or any media coverage of 777 Partners or of events that may come up during trial, the Court should pursue, outside the presence of the other jurors, more detailed questioning regarding what the juror may have seen or heard.

Prior to questioning the panel, Mr. Wander requests that the Court inform the jury of the nature of the case:

## I. Background

This is a criminal case in which the Defendant, Joshua Wander, is charged with wire fraud, securities fraud, conspiracy to commit wire fraud and securities fraud, and witness tampering. The charges against Mr. Wander are set forth in an indictment. An indictment is a formal method of accusing a defendant of a crime. It is not evidence of any kind. It merely states what the government intends to try to prove.

Mr. Wander has pleaded not guilty to the charges in the indictment, meaning he has denied the charges and says that he did not do what the government says he did. Mr. Wander is presumed to be innocent, and he must be presumed innocent unless and until the government proves his guilt beyond a reasonable doubt. It is the government's burden at all times to establish guilt beyond a reasonable doubt. The Defendant has no burden whatsoever. It is the jury's job to decide, based on the evidence that will be presented, whether the government has met its burden.

I have no knowledge of the actual facts of this case, and nothing that I say today or at any time during the trial is to be considered evidence. I will, however, briefly summarize the charges in the indictment so that we can determine whether there is anything about the charges that would make it difficult or inappropriate for any of you to sit as a fair and impartial juror. Those of you who are selected to sit as jurors will receive a detailed explanation of the charges at the conclusion of the case.

The allegations in this case relate to 777 Partners LLC, a private investment firm headquartered in Miami, Florida, which Mr. Wander co-founded, and its subsidiaries and affiliates. 777 Partners' business included purchasing and financing structured settlements—arrangements under which a person, such as the recipient of a lawsuit settlement, receives a series of payments over time—using credit facilities with private lenders. 777 Partners also

invested in other businesses, including insurance companies, airlines, media companies, and professional sports teams.

The indictment contains six counts. Count One charges Mr. Wander with conspiring to commit wire fraud, and Count Two charges him with wire fraud, based on allegations that he made, or caused others to make, false and misleading statements to lenders about 777 Partners' financial condition and available collateral in order to obtain and maintain borrowed funds. Count Three charges Mr. Wander with conspiring to commit securities fraud, and Count Four charges him with securities fraud, based on allegations that he provided false and misleading information about 777 Partners' financial condition to investors in connection with the sale of preferred equity in 777 Partners LLC and a related entity, 600 Partners LLC. Count Five charges Mr. Wander with wire fraud based on allegations that he made false and misleading statements to a particular lender in 2022 in order to obtain money from that lender. Count Six charges Mr. Wander with witness tampering, based on allegations that, after he was first charged in this case, he attempted to influence the testimony of a potential witness.

Again, the indictment is not evidence. It merely contains formal accusations. The government has the burden of producing evidence sufficient to prove Mr. Wander's guilt on each count beyond a reasonable doubt, and you will be required to consider each count separately. Mr. Wander is presumed to be innocent of each charge.

I expect the trial to last approximately [__] weeks. Sometimes a trial lasts longer or shorter than the judge or lawyers expect, but I want to give you an estimate of what to expect. I will tell you a little more about the schedule once the jury is selected.

In a moment, I will ask you all to respond to certain questions. If you have any answer that you would prefer not to give in open court, please just let us know, and the lawyers and I

will listen to your response up here at the bench. During the questioning, you may be excused from serving as a juror in this case. If you are excused, please know that it is not a reflection on you. This is part of our justice system, which is meant to provide all parties with a jury that they believe will be fair to them. You will have done your duty by your presence and readiness to serve, if chosen.

Before I begin with the questioning, I must give you a few simple rules of law that will guide all of us during the trial. The function of the jury is to decide questions of fact—that is, to decide what actually happened in this case. You, who are chosen as jurors, will be the only judges of the facts, and nothing I or the lawyers say or do may in any way intrude on your role as the exclusive fact finders based on the evidence presented in the courtroom. In particular, it is not up to me or the lawyers or anyone else except for you to decide what happened. If you get the impression from anything I say or do that I have an opinion about the facts, you should—and must—disregard it.

When it comes to the law, however, as distinguished from the facts, you must take your instructions from me, and you are bound by those instructions. You may not substitute your own ideas of what the law is or what you think it ought to be. At the conclusion of the case, your job will be to determine whether the government has proven its case beyond a reasonable doubt according to my instructions on the law.

I am going to begin with a series of general questions. Please raise your hand if your answer to any of the questions is yes. If your answer is no, you do not have to do anything. If you raise your hand but your answer is something you would rather not discuss in open court, just say so, and we will accommodate you at the bench.

## II. Proposed Questions

**Knowledge of the Case**

1. Do you have any personal knowledge of this case? Have you read or heard anything about this case, or are you familiar with any news stories, social media posts, or other Internet postings regarding Joshua Wander, 777 Partners, SuttonPark Capital, or 600 Partners? If yes, have you formed an opinion based on what you have read or heard?

2. Have you read or heard anything about 777 Partners' investments in, or efforts to acquire, professional sports teams—including soccer clubs in Europe, South America, or elsewhere, or the London Lions basketball team or its proposed acquisition of Everton Football Club—or about its investments in airlines, including Flair Airlines in Canada or Bonza in Australia? If yes, have you formed any opinion based on what you have read or heard?

3. Have you read or heard anything about the bankruptcy, insolvency, or winding-up of 777 Partners or any of its affiliated businesses? If yes, have you formed any opinion based on what you have read or heard?

4. Are you a fan or follower of Sevilla FC, Everton Football Club, the London Lions, or any other professional soccer club or sports team that was owned by or associated with 777 Partners? Do you follow soccer in the United Kingdom? Do you have strong feelings, positive or negative, about individuals or investment firms that buy professional sports teams?

**Knowledge of Trial Participants**

5. The Defendant in this case is Joshua Wander. Do you know, or have you had any dealings, directly or indirectly, with Mr. Wander or any of his relatives, friends, or associates?

6. Do you have any feelings, bias, sympathy, or prejudice for or against Mr. Wander that would make it difficult for you to render a fair and impartial judgment based solely on the evidence presented at trial?

7. Mr. Wander is represented by Jordan Estes, Michael Martinez, Dani R. James, and Sam Raymond of Gibson Dunn & Crutcher LLP. Do you know any of these attorneys or anyone at their firm, or have you had any dealings with them?

8. The government is represented by the United States Attorney's Office for the Southern District of New York, by Assistant United States Attorneys Marguerite Colson, Alexandra Rothman, and Thomas Burnett. Do you know any of these individuals, or anyone else at the United States Attorney's Office, including United States Attorney James M. McDonald?

9. During the trial, you may hear the names of the following people, companies, and organizations, either because they will testify or because they may be mentioned in testimony or documents: e.g., Damien Alfalla; Nicholas Bennett; Alex Adnani; Frederick Love; Steven Pasko; Kenneth King; Jonathan Banks; Jesse Elhai; Lauren Boersig; John Pascale; Karen Gorde; Abhishek Ladsaria; Paul Kosinski; Richard Bellissimo; Scott Sidell; Jon Walder; Josh Klein; Peter Clinton; Koen Flament; Spencer Liu; Craig Gillespie; John Wells; Dan Knipe; Stephen Griffin; Jason Williams; George Gvelesiani; Guillerme Kalili; Andrew Axelrod; Marc Lessner; Stephen Sugarman; Mark Haslam; Brian Lopez; Scott Mager; Christian Lundblad; Alberto Orozco; 777 Partners; Leadenhall Capital Partners; Credigy; ING; Advantage Capital (A-CAP); Change Lending; SuttonPark Capital; 600 Partners LLC; JARM; JG Wentworth; WMS Partners; Axar Capital; Angelo Gordon; Flair Airlines; Bonza; Sevilla FC; London Lions; Everton

Football Club; Grant Thornton; Sentinel Security Life Insurance Company; Atlantic Coast Life Insurance Company. Do you know, or have you had any dealings with, any of these people, companies, or organizations?

10. Have you, or has any member of your family or anyone close to you, ever worked for, invested in, borrowed from, or done business with 777 Partners, any of its affiliates, or any of the companies I have just named?

**General Questions**

11. Have you or a family member ever been employed by the U.S. Attorney's Office, the Department of Justice, any District Attorney's office, any federal or state prosecutor's office, any law enforcement agency, the FBI, the SEC, or any state securities or banking regulator?

12. Do you feel that the government is not hard enough on alleged perpetrators of business or financial crimes?

13. Do you feel that the government is too hard on alleged perpetrators of business or financial crimes?

14. In recent years, there has been significant media coverage of criminal fraud prosecutions of business executives and company founders, like Sam Bankman-Fried, Charlie Javice, and Elizabeth Holmes. Have you followed any of those cases? Is there anything you have read or heard about those cases that would make it difficult for you to judge this case solely on the evidence presented here?

15. Would you have difficulty distinguishing between conduct that is dishonest, wrongful, careless, or a mistake and the specific intent to defraud that the government may be required to prove in a criminal case?

16. If a defendant admitted making a statement that was inaccurate or misleading, would you automatically assume that he intended to cause a financial loss, or could you consider evidence of what he knew, believed, and intended?

17. Do you have any current, former, or expected participation in a legal dispute with the U.S. Government?

**Education / Work Experience**

18. What is the highest level of education you have completed? What did you study?

19. Have you ever served in any branch of the U.S. military or any other country's military? If so, in what branch did you serve?

20. Do you or any relatives have any legal training or experience?

21. Have you or any relatives ever worked in the field of law enforcement, security, or national defense?

22. Do you have any background, training, or experience in accounting, auditing, bookkeeping, financial reporting, or financial analysis?

23. Do you have any background, training, or experience in banking, commercial lending, private credit, loan administration, asset-backed finance, securitization, private equity, hedge funds, investment banking, or securities or commodities trading?

24. Have you ever worked in a compliance, risk management, internal audit, or legal department of a company, or been responsible for preparing or reviewing compliance reports, borrowing base certificates, financial statements, or loan documentation?

25. Do you have any background, training, or experience with information technology, computer programming, database development, data analysis, or digital forensics?

26. Have you ever held a position in which you supervised other employees, or in which employees reported to you? Have you ever been held responsible for something an employee who reported to you did or failed to do?

**Structured Settlements and Personal Injury Claims**

27. Have you, a family member, or anyone close to you ever received a structured settlement, an annuity, lottery winnings, or any other award that is paid out over time?

28. Have you, a family member, or anyone close to you ever sold, or considered selling, the right to future settlement, annuity, or lottery payments in exchange for a lump-sum payment? Have you ever been contacted by, or seen advertisements for, a company offering to buy such payments?

29. Do you have strong feelings, either positive or negative, about companies that purchase structured settlements or other future payment streams from individuals?

30. Have you, a family member, or anyone close to you ever been a party to a personal injury lawsuit? If so, please describe.

**Borrowing, Lending, and Investing**

31. Have you or a business you owned or worked for ever borrowed money through a commercial loan, line of credit, or credit facility? Have you ever been personally responsible for a business's compliance with the terms of a loan, including a borrowing base or collateral requirement?

32. Have you had experience with forward purchase agreements, installment arrangements, or other complex transactions in which assets were acquired, financed, or pledged before all payments or formal steps were complete? If not, would you be willing to listen carefully to explanations of such transactions and decide based on the evidence rather than unfamiliarity?

33. Have you, a family member, or a business you were involved with ever defaulted on a loan, been subject to a foreclosure or repossession, or filed for bankruptcy?

34. Have you or a business you worked for ever loaned money to another business, or worked for a bank or other lender? Have you ever lost money because a borrower did not repay a loan?

35. Do you currently invest, or have you ever, invested in the stock market or other financial markets? Have you ever invested in a private company, a private fund, preferred stock, or any investment that was not traded on a public exchange?

36. Have you ever lost money on an investment in a company that failed or went bankrupt? Did you believe that you were misled? Would that experience affect your ability to be fair and impartial in this case?

37. Have you ever made a complaint to a brokerage firm, bank, lender, the SEC, FINRA, a state regulator, or a similar agency about an investment or a financial institution?

38. Do you believe that if a business fails, or if lenders or investors lose money, someone must have committed a crime?

39. Do you believe that if a business fails after a pandemic, a sharp rise in interest rates, or another major economic disruption, that fact alone means someone must have committed a crime?

40. The Court will instruct you that breaking a contract, or failing to repay a loan, is not by itself a crime. Would you have any difficulty following that instruction?

41. Would you have difficulty fairly evaluating evidence that parties to a business relationship sometimes changed, waived, or extended terms through telephone calls,

emails, or other informal communications, even if their written agreements contained detailed requirements?

42. Do you believe that sophisticated lenders or institutional investors are entitled to rely on every representation without conducting their own diligence, or could you consider the parties' respective experience, negotiations, and diligence when evaluating the evidence?

43. Would you be able to consider evidence that a lender permitted a borrower to use funds from a collection account temporarily, with an expectation that the funds would be restored, without assuming that the arrangement was criminal solely because it was not memorialized in a new written agreement?

44. Do you believe that the leader of a company is necessarily responsible for everything that the company's employees do, or can you distinguish overall leadership responsibility from responsibility for, and intent concerning, a particular act?

45. Would you be able to consider evidence that a company leader relied on a chief financial officer or finance team to prepare projections or reports, or to monitor day-to-day financial information, without assuming that the leader knew every detail or directed every action taken by subordinates?

**<u>Views on Wealth, Business, and Industries Involved</u>**

46. Do you have strong feelings, either positive or negative, about people who work in finance, such as private equity investors, hedge fund managers, lenders, traders, or investment bankers?

47. Some of the alleged victims in this case are institutional lenders and investors. Do you have strong feelings, either positive or negative, about banks, private lenders, investment funds, or insurance companies?

48. Have you ever started, operated, or worked for a start-up, a small business, or a fast-growing company? Please describe your experience. Do you have strong views about entrepreneurs or business owners who use leverage, reinvest profits, maintain relatively limited cash reserves, or take significant risks to grow their businesses?

49. Do you believe that a company that grows quickly by reinvesting profits and using borrowed money, while holding valuable assets but limited cash, is necessarily engaging in wrongdoing?

50. Have you or anyone close to you experienced business or personal financial loss, disruption, or changed circumstances during the COVID-19 pandemic or as interest rates rose? Would that experience affect your ability to be fair and impartial?

51. Do you believe that a business forecast or projection that later proves inaccurate necessarily means that the person who made it was lying at the time? Would you be able to distinguish a projection from a guarantee?

52. 777 Partners did business in many countries, and some of the events in this case took place outside the United States. Do you have strong feelings, either positive or negative, about companies with significant international operations?

53. Have you or a family member ever worked in the airline or aviation industry? Do you have strong feelings about The Boeing Company or the Boeing 737 MAX aircraft that might affect your ability to be fair and impartial in this case?

54. Have you or a family member ever worked in the professional sports industry, including for a team, league, or sports media company?

55. This case involves the regulation of the securities and lending markets. Do you have opinions one way or the other about government regulation of the financial industry that might affect your ability to be fair and impartial in this case?

56. Have you or anyone close to you ever been the subject of an investigation by a state or federal regulatory agency (e.g., the IRS, SEC, FINRA, CFTC, FTC, or a state banking or securities regulator)?

**<u>Witnesses and Evidence</u>**

57. You may hear testimony from witnesses who formerly worked at 777 Partners and who may have admitted to wrongdoing, pleaded guilty, or entered into agreements with the government in the hope of receiving leniency or protection from prosecution. The Court will instruct you on how to evaluate such testimony. Would you tend to believe such a witness simply because he or she is cooperating, or disbelieve the witness solely because he or she admitted wrongdoing? Would you be able to consider the witness's possible benefits, motives, inconsistencies, and corroboration, and evaluate the testimony fairly and with appropriate care?

58. You may hear testimony during this trial from members of law enforcement. The fact that a witness may be a member of law enforcement does not mean that his or her testimony is entitled to any greater weight by reason of his or her employment. By the same token, his or her testimony is not entitled to less consideration simply because he or she is a member of law enforcement. Would you, as a juror, give the testimony of law enforcement officers more or less credibility than the testimony of others?

59. Do you have any bias, positive or negative, toward the police, the FBI, the Department of Justice, or law enforcement generally?

60. You may see evidence in this case consisting of emails, text messages, messages sent through messaging applications, spreadsheets, screenshots, and recorded telephone calls. Is there anything about this type of evidence that would make it difficult for you to evaluate it fairly?

61. Are you familiar with encrypted messaging applications, such as Signal, WhatsApp, or Telegram, or with settings that automatically delete messages after a period of time? Do you use any such applications or settings?

62. Do you believe that a person who uses an encrypted messaging application, or a setting that automatically deletes messages, must be trying to hide something?

**Multiple Charges**

63. Mr. Wander is charged in six separate counts, one of which alleges that he attempted to influence the testimony of a potential witness. The Court will instruct you that you must consider each count separately and must not conclude that a defendant is guilty of one charge simply because he has been charged with others. Would you have any difficulty following that instruction? In addition, would you automatically infer that continued contact between a defendant and a friend or former colleague after charges were filed was intended to influence that person's testimony, or could you consider the nature and content of the contact and the Court's instructions?

64. Would a defendant's resignation from a company or international travel, standing alone, cause you to infer consciousness of guilt or flight? Would you be able to consider those circumstances, if presented, in context and under the Court's instructions?

65. Is there anything about the nature of the charges in this case—including fraud, securities fraud, or witness tampering—that would make it difficult for you to be fair and impartial?

**Experience with the Legal System**

66. Have you or someone close to you ever been a victim of, or a witness to, a crime, including any kind of fraud, scam, or identity theft?

67. Have you or someone close to you ever been accused of a crime?

68. Have you or someone close to you ever been arrested for, charged with, or convicted of a crime?

69. Have you ever served as a juror at a trial or on a grand jury?

70. Have you ever testified as a witness at any kind of legal proceeding, including a trial or deposition?

71. Have you ever been involved in a civil lawsuit or arbitration as a plaintiff, defendant, or claimant?

**Media and Social Media**

72. What social media platforms, if any, do you use? Do you regularly post on these accounts?

73. Do you regularly read or follow financial news, business news, or sports business news, such as Bloomberg, The Wall Street Journal, the Financial Times, The Athletic, or similar publications, websites, or podcasts?

74. Do you follow any social media accounts, online forums, or podcasts that focus on finance, investing, or professional sports ownership?

**Views on the Legal System**

75. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts. When it comes to the law, you are to take your instructions from the Court, and you are bound by those instructions. At the conclusion of this case, your job will be to determine whether or not the Defendant is guilty as charged in the indictment. Would

you have any difficulty accepting and applying these principles if selected to sit as a juror in this case?

76. Some criminal offenses require proof of a specific intent, such as an intent to defraud or an intent to influence testimony. Would you have any difficulty following an instruction that distinguishes required intent from conduct that may be careless, wrongful, dishonest, or otherwise improper?

77. In a criminal case, the defendant is presumed innocent and must be acquitted unless the jury, unanimously and based solely on the evidence presented in court, decides that the defendant's guilt has been proven beyond a reasonable doubt. Do you believe you would have any difficulty applying this principle if selected to sit as a juror in this case?

78. The indictment is not evidence and does not prove anything. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. The fact that the indictment in this case contains multiple counts likewise is not evidence of anything. Does the fact that Mr. Wander has been indicted make it difficult for you to presume that he is innocent?

79. A defendant in a criminal case has an absolute right not to testify. If Mr. Wander does not testify, the jury may not draw any inference against him based on that decision, and the fact that he chooses not to testify may not enter into the jury's deliberations at all. Would you have any difficulty accepting and applying this principle?

80. If Mr. Wander testifies, would you evaluate his testimony by the same standards you would apply to any other witness, rather than automatically crediting or discrediting it because he is the defendant?

81. If a defendant acknowledged a prior conviction or past wrongdoing from many years earlier, would you be able to consider that information only as permitted by the Court's instructions and still fairly evaluate the charges in this case?

82. If evidence were presented that a defendant had been diagnosed with ADHD or another medical condition, would you have any difficulty evaluating his testimony and intent fairly, without assuming that the diagnosis by itself proves or disproves anything?

83. A defendant in a criminal case is not required to call any witnesses or present any evidence. Would you have any difficulty accepting and applying this principle?

84. You are required by law to make your decision based solely on the evidence or lack of evidence presented in court, and not on the basis of conjecture, suspicion, sympathy, or prejudice. Would any of you have difficulty accepting and applying this legal principle?

85. Do you have any religious, political, philosophical, moral, or other beliefs that would make it difficult for you to be fair and impartial?

86. If you are selected to sit as a juror in this case, are you aware of any reason why you would be unable to render a verdict based solely on the evidence presented at trial?

87. If you are selected to sit as a juror in this case, are you aware of any reason why you would be unable to follow the law as the Court instructs you?

88. As a juror, it is important that you not obtain information about this case outside of the courtroom. The Court will instruct you that you are not to conduct your own research about the case or anyone involved in it on the Internet, including through search engines, social media, or artificial intelligence tools; that you are not to read about it in the media or watch or listen to any stories about it; and that you are not to speak to anyone about the case. Will you be able to follow these instructions?

**Catch-All**

89. Aside from the previous questions asked, do you have the slightest doubt in your mind, for any reason whatsoever, about your ability to conscientiously, fairly, and impartially serve in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice toward either the government or Mr. Wander, and according to the law as the Court will explain it to you?

**Individual Voir Dire**

In addition to the Court's preferred voir dire of each individual juror to ascertain general information regarding age, residence, occupation, and home life, among other things, Mr. Wander respectfully requests that each juror be asked the following questions.

90. What is your full name?

91. In what county or borough do you live?

92. Have you lived anywhere else in the last five years?

93. What is your occupation, if any? Who is your employer?

94. How long have you been employed in your current position? What previous jobs have you held?

95. Have you ever held a managerial or leadership position in any company or organization?

96. Who are the other members of your household? If they work, what are their occupations?

97. Do you have any children? If yes, what are their ages? If they work, what are their occupations?

98. What are your hobbies and interests? Do you follow any professional sports?

99. What newspapers, magazines, websites, blogs, or social media do you regularly read or visit?

100. What television shows, radio shows, or podcasts do you regularly watch or listen to?

101. Do you currently hold, or have you ever, held membership in any business organizations, professional associations, social organizations, or unions?

102. Do you have an interest in watching documentaries or shows, or listening to podcasts, involving true crime or financial scandals?

103. Do you read any finance-related news publications or watch or listen to any finance-related programs or podcasts?

Dated: October 2, 2026

Respectfully submitted,

*/s/ Jordan Estes*
Jordan Estes
Dani R. James
Michael Martinez
Samuel Raymond
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
JEstes@gibsondunn.com
DJames@gibsondunn.com
MMartinez2@gibsondunn.com
SRaymond@gibsondunn.com

*Attorneys for Joshua Wander*