**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

*v.*

JOSHUA WANDER,

*Defendant.*

**No. 25 Cr. 473 (JPO)**

**DEFENDANT JOSHUA WANDER'S PROPOSED REQUESTS TO CHARGE**

# TABLE OF CONTENTS


**Page**

**INTRODUCTION ..... 1**

**I. INTRODUCTORY INSTRUCTIONS ..... 2**

Proposed Instruction No. 1: General Requests ..... 2

Proposed Instruction No. 2: Presumption of Innocence and Burden of Proof ..... 3

Proposed Instruction No. 3: Reasonable Doubt ..... 4

Proposed Instruction No. 4: All Parties Are Equal Before the Law ..... 6

Proposed Instruction No. 5: Rulings on Evidence and Objections ..... 8

Proposed Instruction No. 6: Do Not Be Swayed by Sympathy or Prejudice ..... 10

Proposed Instruction No. 7: Direct and Circumstantial Evidence ..... 11

Proposed Instruction No. 8: Credibility of Witnesses ..... 13

Proposed Instruction No. 9: Impeachment by Prior Inconsistent Statement ..... 17

Proposed Instruction No. 10: Defendant's Right Not to Testify (If Applicable) ..... 18

Proposed Instruction No. 11: Defendant's Testimony (If Applicable) ..... 19

Proposed Instruction No. 12: Witness with a Cooperation Agreement ..... 20

Proposed Instruction No. 13: Expert Witnesses ..... 22

Proposed Instruction No. 14: Law Enforcement Witnesses (If Applicable) ..... 23

Proposed Instruction No. 15: Audio Recordings and Transcripts (If Applicable) ..... 24

Proposed Instruction No. 16: Meaning of the Indictment ..... 25

Proposed Instruction No. 17: Crimes Defined by Statute Only ..... 26

Proposed Instruction No. 18: Large Sums of Money ..... 27

Proposed Instruction No. 19: Separate Consideration of Each Count ..... 28

**II. SUBSTANTIVE INSTRUCTIONS ..... 29**

Proposed Instruction No. 20: Summary of the Charges ..... 29

Proposed Instruction No. 21: Counts Two and Five: Wire Fraud — The Statute and the Elements ..... 30

Proposed Instruction No. 22: Wire Fraud: First Element — Scheme to Defraud: Money or Property Must Be the Object of the Scheme ..... 31

Proposed Instruction No. 23: Wire Fraud: First Element — Breach of Contract Alone Not Fraud ..... 33

Proposed Instruction No. 24: Wire Fraud: First Element — Materiality ..... 35

Proposed Instruction No. 25: Wire Fraud: Second Element — Knowledge, Willfulness, and Specific Intent to Defraud ....................37

Proposed Instruction No. 26: Wire Fraud: Second Element — Contemporaneous Fraudulent Intent ....................39

Proposed Instruction No. 27: Wire Fraud: Third Element — Use of Interstate Wires ....................40

Proposed Instruction No. 28: Count One: Conspiracy to Commit Wire Fraud — The Object of the Agreement Must Be Fraud ....................41

Proposed Instruction No. 29: Multiple Conspiracies ....................42

Proposed Instruction No. 30: Counts Three and Four: Securities Fraud — The Statute and the Elements....................43

Proposed Instruction No. 31: Projections, Opinions, and Optimism: No Fraud by Hindsight ....................45

Proposed Instruction No. 32: Counts Three and Four: Materiality ....................46

Proposed Instruction No. 33: Count Six: Witness Tampering — The Statute and the Elements....................47

Proposed Instruction No. 34: Count Six: Venue....................50

Proposed Instruction No. 35: Count Six: Special Finding Regarding Release Status ....................51

Proposed Instruction No. 36: Good Faith: A Complete Defense to Counts One Through Five....................52

## INTRODUCTION

Defendant Joshua Wander, through his undersigned attorneys, respectfully requests that the Court accept the following charges as its instructions to the jury.

Mr. Wander respectfully reserves the right to modify these proposed instructions or to submit additional requested instructions as appropriate or necessary to address the evidence and testimony adduced at trial, rulings of the Court, or arguments advanced by the government. Mr. Wander further respectfully requests the opportunity to make specific objections or to request modifications to the Court's proposed charge.

# I. INTRODUCTORY INSTRUCTIONS

## PROPOSED INSTRUCTION NO. 1

### General Requests

Mr. Wander respectfully requests that the Court charge the jury in its usual manner on the following matters.

1. Introductory Remarks and Role of the Court
2. Role of the Jury
3. Role of Counsel
4. What Is and Is Not Evidence
5. Stipulations
6. Charts and Summaries
7. Duty to Deliberate and Reach a Unanimous Verdict
8. Right to See Exhibits and Hear Testimony; Communications with Court
9. Notes
10. Verdict Form
11. Duties of Foreperson
12. Return of Verdict
13. Jury Oath

**PROPOSED INSTRUCTION NO. 2**

**Presumption of Innocence and Burden of Proof**

Now I will instruct you on the presumption of innocence. The law presumes the defendant to be innocent of all charges against him. This is one of the fundamental aspects of our Constitution. No person has to clear himself. It is the job of the government to prove guilt beyond a reasonable doubt. Mr. Wander is presumed by you to be innocent throughout your deliberations until such time, if ever, that each of you is satisfied that the government has proved every element of the charges against him beyond a reasonable doubt. This presumption of innocence alone is sufficient to acquit the defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt after a careful and impartial deliberation of all the evidence in the case.

In this case, Mr. Wander has pleaded not guilty. In so doing, he has denied the charges in the indictment. Thus, to prevail against Mr. Wander on a given charge, the government has the burden of proving each element of that charge beyond a reasonable doubt. This burden remains with the government throughout the entire trial. This burden never shifts to Mr. Wander for the simple reason that the law presumes him to be innocent and never imposes upon him the burden or duty of calling any witness or producing any evidence. In other words, Mr. Wander does not have to prove he is not guilty. If the government fails to sustain its burden of proof on any count, you should find Mr. Wander not guilty of that count.[1]

---

[1]Adapted from Jury Charge at 1223-1224, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 788, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; 1 L. Sand, et al., Modern Federal Jury Instructions (Criminal), Instr. 4-1 (hereinafter, “Sand”).

**PROPOSED INSTRUCTION NO. 3**

**Reasonable Doubt**

Now the question arises: what, exactly, is a reasonable doubt? The words almost define themselves. It is a doubt a reasonable person has after considering all of the evidence or lack of evidence. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.[2]

The law does not require the government to prove guilt beyond all possible doubt. A reasonable doubt is not a caprice or whim. It is not a speculation or suspicion.[3]

It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt. Mr. Wander is under no duty to present evidence, nor do you have to accept the testimony of any witness, even one who has not been contradicted or impeached, if you find that witness not to be credible. You must decide which witnesses to believe and which testimony is true. To do this, you must look at all the evidence, drawing upon your own common sense and personal experiences.[4]

If after careful and impartial consideration of all the evidence, or lack of evidence, you have a reasonable doubt as to Mr. Wander's guilt on the count you are considering, then you must

---

[2] Adapted from Jury Charge at 1223-1225, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 301-302, *United States v. Oladimeji*, No. 19 Cr. 236 (AKH) (S.D.N.Y. July 13, 2022), ECF No. 50; Sand, Instr. 4-2.

[3] Adapted from Jury Charge at 1223-1225, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 4-2.

[4] Adapted from Jury Charge at 302, *United States v. Oladimeji*, No. 19 Cr. 236 (AKH) (S.D.N.Y. July 13, 2022), ECF No. 50; Sand, Instr. 4-3.

acquit him on that count. On the other hand, if after fair and impartial consideration of all the evidence, or lack of evidence, you are satisfied of Mr. Wander's guilt on a count you are considering beyond a reasonable doubt, then you must convict him on that count.

**PROPOSED INSTRUCTION NO. 4**

**All Parties Are Equal Before the Law**

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. You should give no weight whatsoever to the fact that this prosecution is brought in the name of the United States of America. The government is entitled to no greater consideration than that given to any other party to litigation. By the same token, although it bears the burden of proof beyond a reasonable doubt, the government is entitled to no less consideration. All parties, whether the government or individuals, stand as equals at the bar of justice. It is what we mean by equal protection under the law.[5]

The question before you can never be: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.[6]

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, gender, sexual orientation, or age. All persons are entitled to the same presumption of innocence, and the government has the same burden of proof with respect to all persons. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any witness or anyone else involved in this case. The government and the defendant are entitled

[5]Adapted from Jury Charge at 1225-1226, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 326, *United States v. Oladimeji,* No. 19 Cr. 236 (AKH) (S.D.N.Y. July 13, 2022), ECF No. 50; *United States v. Block*, No. 16 Cr. 595 (JPO) (S.D.N.Y. June 27, 2017), ECF No. 111; *United States v. Gupta*, No. 11 Cr. 907 (JSR), 2012 WL 3879352 (S.D.N.Y. June 18, 2012); Sand, Instr. 2-5.
[6]Adapted from Sand, Instr. 2-5, Comment.

to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence or the lack of evidence.[7]

---

[7] Adapted from Jury Charge at 326, *United States v. Oladimeji*, No. 19 Cr. 236 (AKH) (S.D.N.Y. July 13, 2022), ECF No. 50; Jury Charge at 1263-1264, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; *United States v. Block*, No. 16 Cr. 595 (JPO) (S.D.N.Y. June 27, 2017), ECF No. 111; Sand, Instr. 2-11.

**PROPOSED INSTRUCTION NO. 5**

**Rulings on Evidence and Objections**

The evidence before you consists of answers given by witnesses (that is, their testimony); the exhibits that were received in evidence; and the stipulations of the parties. Your verdict must be based solely upon the evidence developed at trial or the lack thereof.

You may not consider any answer, testimony, or exhibits that I directed you to disregard or that I directed to be stricken from the record or to which I sustained an objection. If an answer was stricken, you must entirely disregard it as though the words were never spoken. If an objection to a question was sustained before the witness answered, you must disregard the question and not speculate or draw any inference from the wording of the question as to what you think the witness might have answered.[8]

A word on objections. You have heard the attorneys objecting in this case. That is their job. I made rulings on those objections. That is my job. But you should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. Lawyers not only have the right, but the duty, to make legal objections when they think that such objections are appropriate. Nothing I say is evidence. It does not have any influence on the facts of the case. If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation. It is your recollection and interpretation of the evidence that governs.[9]

[8]Adapted from Jury Charge at 1226-1227, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 790-791, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Sand, Instr. 2-3.
[9]Adapted from Sand, Instr. 2-3.

Also, do not draw any inference from any of my rulings. The rulings I made during trial are no indication of any view on my part. You should not seek to find any such view or opinion on my part, nor should you otherwise speculate as to what I may think.[10]

Further, do not concern yourself with what was said at side-bar conferences or during my discussions with counsel. Those discussions related to rulings of law and they are not relevant to your determinations as the judges of the facts.[11]

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times I asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. My questions are no more important than the lawyers' questions. It is the witness's answer that matters, not who asked the question.[12]

I do not have an opinion about this case. I do not want to have an opinion, and I should not have an opinion, because that is your job. My job is to tell you the law, and it is your job to deliver the verdict. It is not my job to decide the case. I do not intrude on your function as triers of the facts, and you have to accept my function as instructor of the law.[13]

Finally, the personalities and the conduct of counsel are not in any way in issue. Whether you feel I like a lawyer or dislike a lawyer has no bearing on anything.[14]

---

[10] Adapted from Sand, Instrs. 2-3; 2-8.

[11] Adapted from Transcript of Jury Charge at 4017, *United States v. Newman*, No. 12 Cr. 121 (RJS) (S.D.N.Y. Dec. 13, 2012); Sand, Instr. 2-8.

[12] Adapted from Jury Charge at 1261, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 2-3.

[13] Adapted from Jury Charge at 1261, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 834-835, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Sand, Instr. 2-3.

[14] Adapted from Jury Charge at 1261, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 2-9.

**PROPOSED INSTRUCTION NO. 6**

**Do Not Be Swayed by Sympathy or Prejudice**

Under your oath as jurors, you are not to be swayed by sympathy or prejudice. You are to be guided solely by the evidence in the case, and the crucial question that you must ask yourselves is this: has the government proved each and every element of the guilt of Mr. Wander for each of the crimes charged beyond a reasonable doubt?[15]

Similarly, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.[16]

[15] Adapted from Jury Charge at 1263, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1692, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Sand, Instr. 2-12.

[16] Adapted from Jury Charge at 1263, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; *United States v. Parnas*, No. 19 Cr. 725 (JPO) (S.D.N.Y. Oct. 22, 2021), ECF No. 245; Sand, Instr. 2-11.

## PROPOSED INSTRUCTION NO. 7

### Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict: direct and circumstantial.[17]

Direct evidence consists of exhibits admitted into evidence that show facts, or testimony by a witness about something he or she knows by virtue of his or her own senses – something that he or she has done, seen, felt, touched, or heard.[18]

Circumstantial evidence is evidence of one fact from which you may infer the existence of other facts. You infer on the basis of reason and experience and common sense from an established fact the existence or nonexistence of some other facts.[19]

So if the blinds were drawn in this room and you could not see outside, and someone comes in with an umbrella that is dripping wet or a raincoat that is wet, you have no direct evidence that it is raining outside, but that is circumstantial evidence that it is raining outside.[20]

Circumstantial evidence is of no less value than direct evidence.[21]

---

[17] Adapted from Jury Charge at 1251, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 823-24, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Jury Charge at 1681, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Sand, Instr. 5-2.

[18] Adapted from Jury Charge at 1251-52, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 824, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Jury Charge at 1681-82, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Sand, Instr. 5-2.

[19] Adapted from Jury Charge at 824, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Jury Charge at 1682, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 1251, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 5-2.

[20] Adapted from Jury Charge at 1682, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Sand, Instr. 5-2.

[21] Adapted from Jury Charge at 1682-83, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 824, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Jury Charge at 1252, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 5-2.

The law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury must be satisfied that the government has proved the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.[22]

[22] Adapted from Jury Charge at 1682-83, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 824-25, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Jury Charge at 1252, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 5-2.

**PROPOSED INSTRUCTION NO. 8**

**Credibility of Witnesses**

Counsel in their openings and in their summations discussed with you whether particular witnesses should be believed. You are being called upon to resolve various factual issues in the face of different and irreconcilable pictures painted by the government and the defense.[23]

You will now have to decide if the government has proved guilt beyond a reasonable doubt. An important part of this decision will involve making judgments about the testimony of the witnesses you have listened to and observed.[24]

In making those judgments, you should scrutinize all the testimony of each witness, the circumstances under which each witness testified, and all other matters in evidence which may help you to decide the truth and the importance of each witness's testimony.[25]

There is no magic formula for evaluating evidence. You bring to this courtroom all the experience and background of your lives and your everyday affairs. You determine for yourself every day and in a multitude of circumstances the reliability of statements made to you by others. Use the same tests that you use in your everyday matters in regard to any matter of importance for these will be the tests that you should apply in your deliberations.[26]

---

[23] Adapted from Jury Charge at 1252-53, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1684, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 825, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

[24] Adapted from Jury Charge at 1252, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1683-84, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 825-26, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Sand, Instr. 7-1.

[25] Adapted from Jury Charge at 1252-53, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1684, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 826, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Sand, Instr. 7-1.

[26] Adapted from Jury Charge at 1253, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1683-84, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 826, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

Your decision on whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank, and forthright? Did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way in which the witness testified on direct examination compare with the way in which the witness testified on cross-examination? Was the witness's testimony consistent or contradictory? Did the witness appear to know what the witness was talking about, and did the witness strike you as someone who was trying to report his or her knowledge accurately?[27]

You are to consider if the witness testified inconsistently with something said at some earlier time. If a person says one thing at one time and another thing at another time, you may consider such inconsistency on the issue of credibility.[28]

Though, as you know, not everybody is consistent. You should consider if the inconsistency was as to an important matter or an unimportant matter. Use your common sense to decide the credibility of the witness.[29]

In evaluating the credibility of the witness, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome

[27] Adapted from Jury Charge at 1253, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1684, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 826-27, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Sand, Instr. 7-1.

[28] Adapted from Jury Charge at 1253-54, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1685, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 827, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

[29] Adapted from Jury Charge at 1254, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1685, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 827, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.[30]

If you find that a witness has willfully testified falsely as to a material fact, you have the right to reject the testimony of the witness in its entirety. Alternatively, even if you find that a witness has testified falsely or inaccurately about one matter, you may reject as false or inaccurate that portion and accept as true any other portion of the witness's testimony that recommends itself to your belief or which you may find corroborated by other evidence in the case. This rule applies equally to statements made during recorded conversations.[31]

So what you will do with all of this in judging credibility is to size up a person in light of his or her demeanor, the explanations given, and all the other evidence in the case, just as you would do in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in that person's recollection.[32]

You are not required to accept the testimony of a witness that is not contradicted or to credit a witness who was not impeached. You may decide not to credit the testimony of a witness based simply on your evaluation of their testimony. In deciding the question of credibility, use your common sense, your good judgment, and your experience.[33]

---

[30] Adapted from Sand, Instr. 7-3; see *United States v. Solano*, 966 F.3d 184, 197 (2d Cir. 2020) (holding, in case in which defendant testified, that it is plain error to instruct jury that "a witness's interest in the outcome of the case . . . . creates a motive on the part of the witness to testify falsely . . . and . . . that this applies to any witness") (internal quotation marks and citations omitted).

[31] Adapted from Jury Charge at 1255, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1686, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 828, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

[32] Adapted from Jury Charge at 1255-56, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1686, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 828, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

[33] Adapted from Jury Charge at 1256, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1686-87, *United States v. Cammarano*, No. 18 Cr. 15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503.

**PROPOSED INSTRUCTION NO. 9**

**Impeachment by Prior Inconsistent Statement**

Here, you have heard evidence that witnesses made statements on earlier occasions that counsel argue are inconsistent with the witnesses' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.[34]

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.[35]

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.[36]

---

[34]Adapted from Sand, Instr. 7-19.
[35]Adapted from Sand, Instr. 7-19.
[36]Adapted from Sand, Instr. 7-19.

**PROPOSED INSTRUCTION NO. 10**

**Defendant's Right Not to Testify (If Applicable)**

Mr. Wander did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the government throughout the entire trial. It exists in the jury room. It never shifts to a defendant because a defendant cannot be found guilty unless and until the government proves guilt beyond a reasonable doubt. A defendant is never required to prove that he is not guilty. That is a basic constitutional right.[37]

Do not attach any significance to the fact that the defendant did not testify. You may not draw an adverse inference against him because he did not take the witness stand. You may not consider this against Mr. Wander in any way in your deliberations in the jury room.

[37] Adapted from Jury Charge at 1260, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 833, *United States v. Guldi*, No. 19 Cr. 126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

## PROPOSED INSTRUCTION NO. 11

### Defendant's Testimony (If Applicable)

A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. In this case, Mr. Wander did testify, and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any other witness in this case.[38]

You should not disregard a defendant's testimony simply because he is charged as a defendant in this case. The fact that Mr. Wander elected to testify does not shift the burden of proof to him. The burden remains at all times on the government to prove the elements of the offenses beyond a reasonable doubt. As I stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or of producing any evidence.

[38] Adapted from Jury Charge at 1893, *United States v. Contorinis*, No. 09 Cr. 1083 (RJS) (S.D.N.Y. Oct. 4, 2010); see also Jury Charge at 8868, *United States v. Daugerdas*, No. 09 Cr. 581 (WHP) (S.D.N.Y. May 12, 2011); Jury Charge at 3227, *United States v. Bankman-Fried*, No. 22 Cr. 673 (LAK) (S.D.N.Y. Nov. 2, 2023); Sand, Instr. 7-4.

**PROPOSED INSTRUCTION NO. 12**

**Witness with a Cooperation Agreement**

You have heard from certain witnesses who testified pursuant to a cooperation agreement with the government. You should bear in mind that a witness who has entered into such an agreement has an interest in this case different from that of any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the government, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.[39]

However, you must not draw any conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a cooperating witness pleaded guilty to crimes that may be similar or related to the crimes charged against the defendant. That cooperating witness's decision to plead guilty was a personal decision about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant.[40]

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of a cooperating witness. You should ask yourselves whether Damien Alfalla, Nicholas Bennett, or Alexander Adnani would benefit more by lying or by telling the truth. Was the witness's testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by

[39] Adapted from Sand, Instr. 7-8; Jury Charge at 773, *United States v. Claxton*, No. S1 20 Cr. 631 (AKH) (S.D.N.Y. June 30, 2022), ECF No. 325; see also *United States v. Vaughn*, 430 F.3d 518, 522-23 (2d Cir. 2005); *United States v. Santana*, 503 F.2d 710 (2d Cir. 1974).

[40] Adapted from Sand, Instr. 7-10; see also *United States v. Ramirez*, 973 F.2d 102, 105 (2d Cir. 1992) ("This court has clearly stated that when a jury has been informed that a codefendant has pleaded guilty to a crime charged against the defendant on trial, the trial judge should instruct the jury that they may not consider that guilty plea as evidence of the defendant's guilt.").

testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was this motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony? In sum, you should look at all of the evidence, or lack of evidence, in deciding what credence and what weight, if any, you will give to the cooperating witness's testimony.[41]

[41] Adapted from Jury Charge at 775, *United States v. Claxton*, No. S1 20 Cr. 631 (AKH) (S.D.N.Y. June 30, 2022), ECF No. 325; Jury Charge at 3366, *United States v. Gupta*, No. 11 Cr. 907 (JSR) (S.D.N.Y. June 14, 2012).

**PROPOSED INSTRUCTION NO. 13**

**Expert Witnesses**

Certain witnesses were offered as experts and permitted to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.[42]

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept the testimony of an expert merely because I allowed the witness to testify as an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

[42] Adapted from Sand, Instr. 7-21; Jury Charge at 1350, *United States v. Phillips*, No. 22 Cr. 138 (LJL) (S.D.N.Y. Oct. 24, 2023), ECF No. 90.

**PROPOSED INSTRUCTION NO. 14**

**Law Enforcement Witnesses (If Applicable)**

You have heard the testimony of a witness who was a law enforcement officer during the events at issue in this trial. The fact that a witness is or was employed by the government does not mean that his or her testimony deserves more or less consideration, or greater or lesser weight, than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept or reject the testimony of the witness and to give that testimony whatever weight you find it deserves.[43]

[43] Adapted from Jury Charge at 240-41, *United States v. Mosley*, No. 16 Cr. 79 (ER) (S.D.N.Y. Nov. 14, 2017), ECF No. 148; Jury Charge at 187-88, *United States v. Scott*, No. 17 Cr. 630 (ER) (S.D.N.Y. Nov. 20, 2019), ECF No. 207; see also Sand, Instr. 7-16.

**PROPOSED INSTRUCTION NO. 15**

**Audio Recordings and Transcripts (If Applicable)**

The evidence in this case included one or more audio recordings. You must give the audio recordings your full consideration, along with all the other evidence in the case, as you determine whether the government has proved the defendant's guilt beyond a reasonable doubt. You must do that even if you disapprove of the way in which the evidence was collected.[44]

In connection with these recordings, the government and the defense were permitted to hand out transcripts prepared by the prosecution and defense teams. The transcripts were given to you as an aid to assist you in listening to the recordings. The transcripts are not, however, evidence. Therefore, when the recordings were played, I advised you to listen carefully to the recordings themselves. You must make your own determination of what appears on the recordings based on what you heard. If you heard something different than what appears in the transcripts, what you heard is controlling.[45]

---

[44] Adapted from Jury Charge at 21, *United States v. Stewart*, No. 15 Cr. 287 (LTS) (S.D.N.Y. Aug. 11, 2016), ECF No. 174.

[45] Adapted from Jury Charge at 21, *United States v. Stewart*, No. 15 Cr. 287 (LTS) (S.D.N.Y. Aug. 11, 2016), ECF No. 174; Sand, Instr. 5-9.

**PROPOSED INSTRUCTION NO. 16**

**Meaning of the Indictment**

Mr. Wander is charged in an indictment. The indictment is not evidence. It can be given no weight or significance whatsoever. The indictment is simply a method or procedure under the law whereby a person accused of a crime by a grand jury is caused to come to court to have their case tried by a jury such as yourselves. The indictment must be given no evidentiary value. It is only an accusation. In reaching your determination whether the government has proved the defendant guilty beyond a reasonable doubt, consider only the evidence, not the indictment.[46]

[46]Adapted from Jury Charge at 1237, *United States v. Seabrook*, No. 16 Cr. 467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 3-1.

**PROPOSED INSTRUCTION NO. 17**

**Crimes Defined by Statute Only**

The fact that you may think certain conduct is unethical or morally wrong is truly of no consequence in this case. Statutes enacted by Congress define our crimes, and I will talk to you about the individual statutes and how they break down into essential elements so that you can consider the elements that the government must prove beyond a reasonable doubt. Conduct is a crime only if that conduct is defined as a crime by a statute. A feeling that something wrong has been done is insufficient to convict the defendant of any charge. Remember, not every instance of unfairness or sharp business practice constitutes a crime. Instead, you are required to break each count down to the elements and determine if the government has or has not met its burden of proving the guilt of the defendant beyond a reasonable doubt as to each one of those elements.[47]

[47] Adapted from Jury Charge at 128-29, *United States v. Zemlyansky*, No. 12 Cr. 171 (JPO) (S.D.N.Y. Oct. 23, 2013), ECF No. 931 ("In our system we only have crimes that are defined by statute. The fact that something may be repugnant to you or may be something that you think is morally wrong is of no interest . . . . Some feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever."); see also Jury Charge at 103, *United States v. Seitz*, No. 12 Cr. 921 (SHS) (S.D.N.Y. Mar. 11, 2014), ECF No. 95 (similar); Jury Charge at 39, *United States v. Shapiro*, No. 15 Cr. 155 (RNC) (D. Conn. June 1, 2017), ECF No. 462 ("A feeling that something wrong has been done is insufficient to support a criminal conviction, and not every instance of unfairness or sharp business practice constitutes a federal crime.").

## PROPOSED INSTRUCTION NO. 18

### Large Sums of Money

The testimony and the exhibits in this trial were connected with large sums of money – but that fact alone has nothing to do with whether or not the government has proved the elements of the charged offenses beyond a reasonable doubt.

The fact that the charges in this case may have involved large sums of money does not mean that the defendant is held to a higher standard of conduct than had the case involved smaller sums of money.

The presumption of innocence applies to every defendant in every case equally without regard to the amount of money involved.[48]

[48] Adapted from Jury Charge at 58-59, *United States v. Ghavami et al.*, No. 10 Cr. 1217 (KMW) (S.D.N.Y. Aug. 29, 2012), ECF No. 278.

**PROPOSED INSTRUCTION NO. 19**

**Separate Consideration of Each Count**

The indictment contains six[49] counts. Each count charges a separate offense, and you must consider each count separately and return a separate verdict on each count. Whether you find Mr. Wander guilty or not guilty as to one count should not control or influence your verdict as to any other count. In particular, evidence you may have heard concerning Count Six, which charges conduct alleged to have occurred years after the events underlying Counts One through Five, may not be used as a substitute for proof of the elements of the fraud offenses charged in Counts One through Five, and vice versa.[50]

---

[49] Mr. Wander has moved to dismiss Count Six. ECF No. 66. Mr. Wander has prepared these requests to charge on the understanding that the Court will deny this motion; if the Court grants the motion, he is happy to resubmit these requests with references to Count Six removed.

[50] Adapted from Sand, Instr. 3-8.

## II. SUBSTANTIVE INSTRUCTIONS

## PROPOSED INSTRUCTION NO. 20

### Summary of the Charges

The indictment in this case contains six counts. Count One charges that Mr. Wander conspired with others to commit wire fraud against lenders to 777 Partners LLC and its affiliates. Count Two charges Mr. Wander with wire fraud against lenders to 777 Partners. Count Three charges that Mr. Wander conspired with others to commit securities fraud in connection with the sale of preferred equity interests in 777 Partners and its affiliate 600 Partners LLC. Count Four charges Mr. Wander with securities fraud in connection with those same preferred equity interests. Count Five charges Mr. Wander with wire fraud in connection with a loan from A-CAP. Count Six charges Mr. Wander with witness tampering.[51]

I remind you that the indictment is simply an accusation. It is not evidence, and it proves nothing. Mr. Wander has pleaded not guilty to every count, and he is presumed innocent of each and every charge. The government bears the burden of proving each element of each charged offense beyond a reasonable doubt.

[51] S1 Indictment, ¶¶ 34–47; Sand, Instrs. 3-1, 3-2.

**PROPOSED INSTRUCTION NO. 21**

**Counts Two and Five: Wire Fraud**

**The Statute and the Elements**

Counts Two and Five charge Mr. Wander with wire fraud, in violation of Title 18, United States Code, Section 1343. That statute provides, in relevant part:[52]

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire . . . communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

In order to prove that Mr. Wander is guilty of wire fraud, the government must establish each of the following three elements beyond a reasonable doubt:[53]

First, that there was a scheme or artifice to defraud to obtain money or property by materially false and fraudulent pretenses, representations, or promises;

Second, that Mr. Wander knowingly and willfully devised or participated in the scheme or artifice, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in execution of the scheme, Mr. Wander used, or caused the use of, interstate or foreign wire communications.

Count Two concerns 777 Partners' borrowing from Leadenhall Capital Partners LLP, ING Capital, and Credigy. Count Five concerns 777 Partners' borrowing from A-CAP. You must consider each count, and the alleged scheme underlying each count, separately.

---

[52] 18 U.S.C. § 1343.

[53] Adapted from Sand, Instr. 44-3; Jury Charge at 2893, 2900–01, *United States v. Zemlyansky*, No. 12 Cr. 171 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587; Jury Charge at 35, *United States v. Peraire-Bueno*, No. 24 Cr. 293 (JGLC) (S.D.N.Y. Nov. 10, 2025), ECF Nos. 215–16.

**PROPOSED INSTRUCTION NO. 22**

**Wire Fraud: First Element**

**Scheme to Defraud: Money or Property Must Be the Object of the Scheme**

The first element the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the alleged victim lenders of money or property by means of materially false or fraudulent pretenses, representations, or promises.

A "scheme to defraud" is a plan to deprive another of money or property by trick, deceit, deception, or swindle. Deception alone is not enough. Misrepresentations or deceptive conduct amounting only to deceit are insufficient to establish a scheme to defraud; the government must prove that the object of the alleged scheme was to deprive the lender of money or property. A scheme to deceive, however dishonest, is not a scheme to defraud unless the defendant contemplated harm to his victim, by depriving the victim of money or property.[54]

The government must prove that obtaining money or property from the alleged victim was the object of the scheme—in other words, the goal the scheme was designed to achieve. It is not sufficient if a deprivation of money or property was merely an incidental byproduct of conduct undertaken for some other purpose.[55]

I further instruct you that certain interests are not "money or property" within the meaning of the wire fraud statute. A lender's interest in receiving accurate or complete information; a

[54] Adapted from Sand, Instr. 44-4; Jury Charge at 2893–95, *United States v. Zemlyansky*, No. 12 Cr. 171 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587; *United States v. Runner*, 143 F.4th 146, 160 (2d Cir. 2025) ("[b]ecause an intent to deceive alone is insufficient to sustain a mail or wire fraud conviction, misrepresentations amounting only to a deceit must be coupled with a contemplated harm to the victim.") (citation omitted); Jury Charge at 22, *United States v. Malvasio*, No. 23 Cr. 396 (JMF) (S.D.N.Y. June 23, 2026), ECF No. 254 ("the Government must prove beyond a reasonable doubt that the defendant contemplated some actual harm or injury to a victim with respect to the victim's money or property."); Transcript of Jury Charge at 1997, *United States v. Curcio*, No. 24 Cr. 312 (RA) (S.D.N.Y. June 11, 2026), ECF No. 138 ("the government must also prove that the alleged scheme contemplated deprived another of money or property").

[55] *Kelly v. United States*, 590 U.S. 391, 402 (2020) (property must be an "object of the fraud," and a conviction "cannot stand when the loss to the victim is only an incidental byproduct of the scheme").

lender's ability to monitor a borrower or to make fully informed decisions about its loans; and a lender's contractual rights and remedies, such as the right to declare a default, to demand additional collateral, or to accelerate a loan, are not themselves money or property. Depriving a lender of accurate information or of the opportunity to exercise such rights, without more, is not wire fraud.[56]

[56] *Ciminelli v. United States*, 598 U.S. 306, 312–16 (2023) (federal fraud statutes protect only traditional property interests; the intangible interest in valuable economic information and the "right to control" one's assets are not property); *Cleveland v. United States*, 531 U.S. 12, 26–27 (2000).

## PROPOSED INSTRUCTION NO. 23

### Wire Fraud: First Element

### Breach of Contract Alone Not Fraud

You have heard evidence concerning credit facility agreements between 777 Partners entities and the lenders, including contractual obligations governing how borrowed funds could be used, the collateral that was required to secure borrowing, the maintenance of a sufficient borrowing base, and reporting to the lenders. I instruct you that a breach of contract — even a knowing, deliberate, and willful breach of contract — is not fraud, and it is not a crime. The law provides civil remedies for broken contracts, and the parties' credit agreements themselves provided lenders with rights and remedies in the event of a breach or a collateral deficiency. The wire fraud statute is not a means of punishing the breach of contractual promises.[57]

This principle applies to each of the contractual obligations at issue in this case. If 777 Partners used borrowed funds for purposes not permitted by a credit agreement, that is a breach of contract—not fraud—unless the government proves beyond a reasonable doubt that, at the time the funds were requested, Mr. Wander represented that the funds would be used for a permitted purpose while then intending that they would not be. Likewise, if 777 Partners failed to maintain sufficient collateral, or developed a borrowing base deficiency, that failure is a contractual default—not fraud. A borrower does not commit wire fraud by breaching a covenant, by defaulting on a loan, or by failing to repay a debt.[58]

---

[57] *U.S. ex rel. O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650, 657–63 (2d Cir. 2016) (a willful and intentional breach of contract, without contemporaneous fraudulent intent, is not mail or wire fraud); *United States v. D'Amato*, 39 F.3d 1249, 1261 n.8 (2d Cir. 1994); *United States v. Rinsch*, 816 F. Supp. 3d 488 (S.D.N.Y. 2026); Jury Charge at 19, *United States v. Malvasio*, No. 23 Cr. 396 (JMF) (S.D.N.Y. June 23, 2026), ECF No. 254 ("Failure to comply with a contractual obligation is fraudulent only when the promisor never intended to honor the contract.").

[58] *Countrywide*, 822 F.3d at 658–63; *Durland v. United States*, 161 U.S. 306, 313–14 (1896).

A contractual promise or representation can support a charge of fraud in only one circumstance: if the government proves beyond a reasonable doubt that, at the very time the promise or representation was made, Mr. Wander knew it to be false or did not intend to perform it. Fraudulent intent that arises only after a promise or representation was honestly made is not sufficient. And you may not infer that a promise was fraudulent when made simply because it was later broken, or because performance fell short of what the contract required. What matters is Mr. Wander's knowledge and intent at the moment each charged representation was made.[59]

[59] *Countrywide*, 822 F.3d at 662–63 (representations in a contract speak as of the time they are made; a breach occurring later does not retroactively render them fraudulent absent contemporaneous intent); *Rinsch*, 816 F. Supp. 3d at 491 ("what the statute proscribes is limited to obtaining money and property by fraudulent means."); Court's Instructions of Law to the Jury, *United States v. Rinsch*, No. 25 Cr. 85 (JSR), ECF No. 54 ("if at the time Mr. Rinsch made statements that you find induced Netflix to transfer the $11 million to his account, Mr. Rinsch genuinely believed that his statements were truthful, that would be a complete defense to the charge of wire fraud").

**PROPOSED INSTRUCTION NO. 24**
**Wire Fraud: First Element**
**Materiality**

A false statement, representation, or promise can support a wire fraud conviction only if it was material, and the government must prove materiality beyond a reasonable doubt separately as to each alleged misrepresentation. Materiality is a demanding requirement: it is the principled basis that the law uses to distinguish everyday misstatements from actionable fraud, and it substantially narrows the universe of statements on which a conviction may rest.[60]

A misrepresentation is material only if it went to the very essence of the bargain between 777 Partners and the lender. To be material, the information misstated or withheld must either have been of some independent value to the lender or must have borne on the ultimate value of the transaction to the lender. A misrepresentation concerning a matter collateral, peripheral, or incidental to the transaction— one that neither had independent value nor bore on the ultimate value of the deal —is not material and cannot support a conviction.[61]

In assessing whether a misrepresentation satisfies this demanding standard, you should distinguish between representations concerning the essential elements of the transaction — what the lender was to receive, on what terms, and at what price — and representations concerning conditions or matters that were minor or insubstantial in the context of the bargain as a whole. A

[60] *Neder v. United States*, 527 U.S. 1, 20–25 (1999); *Kousisis v. United States*, 605 U.S. 114, 116, 135 (2025) (the "demanding" materiality requirement is "the principled basis for distinguishing everyday misstatements from actionable fraud."); *Runner*, 143 F.4th at 155 n.8 (same).

[61] *United States v. Mittelstaedt*, 31 F.3d 1208, 1217 (2d Cir. 1994) ("To be material, the information withheld either must be of some independent value or must bear on the ultimate value of the transaction."); *accord United States v. Rigas*, 490 F.3d 208, 231 (2d Cir. 2007); *Runner*, 143 F.4th at 155 n.8 (reaffirming *Mittelstaedt* and *Rigas* after *Kousisis*); *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176, at 193 n.5 (a material misrepresentation goes "to the very essence of the bargain").

misrepresentation concerning a matter that was minor or insubstantial in the context of the parties' bargain is not material, even if it was capable of influencing the lender in some way.[62]

In deciding whether a particular representation was material, you should consider the substance and the context of the transaction. A representation is not material merely because a contract recites that it is "material" or makes it a condition of closing or funding. Such labels are relevant, and you may consider them, but they are not dispositive, and materiality cannot rest on labels alone. Materiality is judged objectively, from the perspective of a reasonable lender in the particular market in which these parties dealt.[63]

You may also consider how the lender actually behaved. If a lender continued to extend credit, continued to accept payments, negotiated with the borrower, or declined to exercise its contractual remedies after it learned the true facts, that conduct is evidence—and may be very strong evidence—that the misrepresentation at issue did not go to the essence of the bargain and was not material.[64]

The government bears the burden of proving beyond a reasonable doubt, for each alleged misrepresentation, that it was material. If the government fails to carry that burden as to a particular representation, that representation cannot support a conviction on any count.

[62] *Kousisis*, 605 U.S. at 131–32, 135; *Escobar*, 579 U.S. at 194 (materiality "cannot be found where noncompliance is minor or insubstantial"); *Runner*, 143 F.4th at 155 n.8; *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) (a statement is material if it "would naturally tend to lead or is capable of leading a reasonable person to change his conduct" (quoting *United States v. Rybicki*, 354 F.3d 124, 145 (2d Cir. 2003) (en banc))).

[63] *Escobar*, 579 U.S. at 190 ("Whether a provision is labeled a condition of payment is relevant to but not dispositive of the materiality inquiry."); *United States v. Litvak*, 889 F.3d 56, 65 (2d Cir. 2018) (materiality assessed against "the parameters of the thinking of reasonable investors in the particular market at issue").

[64] See *Escobar*, 579 U.S. at 195 ("if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material"); *cf.* *Kousisis*, 605 U.S. at 131–32, 135.

**PROPOSED INSTRUCTION NO. 25**
**Wire Fraud: Second Element**
**Knowledge, Willfulness, and Specific Intent to Defraud**

The second element the government must prove beyond a reasonable doubt is that Mr. Wander knowingly and willfully devised or participated in the scheme, with knowledge of its fraudulent nature and with specific intent to defraud. Fraud requires more than deceit. An intent to deceive, standing alone, is insufficient to sustain a wire fraud conviction: misrepresentations amounting only to a deceit must be coupled with a contemplated harm to the victim's money or property.[65]

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another. It is not enough for the government to show only that Mr. Wander intended to deceive a lender. The government must prove beyond a reasonable doubt that Mr. Wander associated himself with the alleged scheme for the purpose of causing some loss to the lenders.[66]

In deciding whether Mr. Wander contemplated such harm, you may consider whether there was a discrepancy between the benefits the lenders reasonably anticipated from their dealings with 777 Partners and the benefits that Mr. Wander delivered or intended to deliver. If you find that

[65] *Runner*, 143 F.4th at 154 ("[A]n intent to deceive alone is insufficient to sustain a wire fraud conviction, [so] misrepresentations amounting only to a deceit must be coupled with a contemplated harm to the victim." (quoting *United States v. Jabar*, 19 F.4th 66, 76 (2d Cir. 2021))); *Countrywide*, 822 F.3d at 657 (cited with approval in *Runner*, 143 F.4th at 154); Transcript of Jury Charge at 1997, *United States v. Curcio*, No. 24 Cr. 312 (RA) (S.D.N.Y. June 11, 2026), ECF No. 138 ("'Intent to defraud' means to act knowingly and with the specific intent to deceive for the purpose of obtaining money or property.").

[66] Adapted from the charge affirmed in *Runner*, 143 F.4th at 160–61 ("Intent to defraud means to act knowingly and with the specific intent to deceive for the purpose of causing some financial or property loss to another. As such, it is not enough for the government to show only that the defendant intended to deceive the victim."); Jury Charge at 22, *United States v. Malvasio*, No. 23 Cr. 396 (JMF) (S.D.N.Y. June 23, 2026), ECF No. 254 ("the Government must prove beyond a reasonable doubt that the defendant contemplated some actual harm or injury to a victim with respect to the victim's money or property."); *United States v. Cohen*, No. 23 Cr. 134 (VSB) (Mar. 2, 2026), ECF No. 487-3 (given jury charge) ("To prove that the defendant acted with specific intent to defraud, the Government must prove that he acted with intent to deceive for the purpose of depriving the relevant victim of money or property. The Government need not prove that the victim actually was harmed, only that the defendant contemplated some actual harm or injury to the victim in question.").

Mr. Wander intended the lenders to receive the benefits they reasonably anticipated—including repayment of their loans, the agreed security, and the cure of any shortfalls—then he did not intend the discrepancy that fraud requires, and you must find that he lacked the intent to defraud.[67]

Because wire fraud is a specific intent crime, it is not enough for the government to prove negligence, carelessness, mismanagement, or even recklessness. Nor is it enough that Mr. Wander was the founder or senior-most executive of 777 Partners: a defendant's position in a company is not a substitute for proof of his personal knowledge and specific intent. The government must prove beyond a reasonable doubt what Mr. Wander himself knew and intended. Good faith—an honest belief that the representations were true and that the lenders would receive what they bargained for—is a complete defense, as I will instruct you further.[68]

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.[69]

---

[67] *Runner*, 143 F.4th at 158 (a jury may find fraudulent intent where "there exists a discrepancy between benefits reasonably anticipated because of the misleading representations and the actual benefits which the defendant delivered, or intended to deliver" (quoting *Jabar*, 19 F.4th at 77)); *Kousisis*, 605 U.S. at 124 (no requirement of intended *net* economic loss).

[68] *United States v. Rossomando*, 144 F.3d 197, 200–01 (2d Cir. 1998); *United States v. Ferguson*, 676 F.3d 260, 280 (2d Cir. 2011); *U.S. ex rel. O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650, 658–63 (2d Cir. 2016).

[69] Sand, Instr. 44-5.

**PROPOSED INSTRUCTION NO. 26**

**Wire Fraud: Second Element**

**Contemporaneous Fraudulent Intent**

Some of the statements the government alleges were fraudulent are promises or statements about the future—for example, statements about how borrowed funds would be used, statements that a collateral shortfall would be cured, or statements that anticipated transactions or asset purchases would generate proceeds. A promise or a prediction about the future is not a false statement of fact merely because the promised or predicted event did not come to pass. A promise can be fraudulent only if the government proves beyond a reasonable doubt that, at the time the promise was made, the speaker did not intend to perform it. A prediction or expression of expectation can be fraudulent only if the government proves beyond a reasonable doubt that, at the time it was made, the speaker did not honestly hold that expectation.[70]

The failure of a promised or predicted event to occur—including the failure of anticipated deals to close, of expected assets to arrive, or of a collateral shortfall to be cured—is not, by itself, evidence that the promise or prediction was fraudulent when made. Businesses often fail to achieve what they honestly intend and expect. Unless the government proves contemporaneous fraudulent intent for a particular promise or prediction, that statement cannot support a conviction.[71]

[70] *Durland*, 161 U.S. at 313–14; *Countrywide*, 822 F.3d at 658–60; Sand, Instr. 44-4.

[71] *D'Amato*, 39 F.3d at 1261 n.8; *Countrywide*, 822 F.3d at 662–63 (fraud may lie only where the government proves contemporaneous fraudulent intent, or a new fraudulent representation made at or after the time of breach).

## PROPOSED INSTRUCTION NO. 27

### Wire Fraud: Third Element

### Use of Interstate Wires

The third element the government must prove beyond a reasonable doubt is that interstate or foreign wire communications were used in furtherance of the scheme to defraud. The wire communication—such as an email, an electronic funds transfer, or a telephone call — must cross state or national boundaries, and it must further or assist in the carrying out of the scheme. A wire communication that was merely incidental, or that occurred after the alleged scheme had reached fruition, does not satisfy this element.[72]

---

[72]Adapted from Sand, Instr. 44-6; Jury Charge, *United States v. Zemlyansky*, No. 12 Cr. 171 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

**PROPOSED INSTRUCTION NO. 28**

**Count One: Conspiracy to Commit Wire Fraud**

**The Object of the Agreement Must Be Fraud**

Count One charges that Mr. Wander conspired to commit wire fraud. A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To convict on Count One, the government must prove beyond a reasonable doubt: first, that the charged conspiracy existed—that is, an agreement or understanding to commit wire fraud; and second, that Mr. Wander knowingly and willfully became a member of that conspiracy, with intent to further its unlawful purpose and with the specific intent to defraud.[73]

The object of the charged agreement must itself have been criminal wire fraud, as I have defined it for you. An agreement to run a business aggressively, to take on risk, to prioritize which creditors or obligations to pay, or even to breach contractual obligations, is not a conspiracy to commit wire fraud. Only an agreement to deprive lenders of money or property by means of materially false representations, made or to be made with fraudulent intent, will suffice. In addition, a person does not become a conspirator merely by associating with alleged wrongdoers, by being present while others commit wrongdoing, by working at the same company, by following instructions in the ordinary course of employment, or even by knowing that others are engaged in wrongdoing. The government must prove that Mr. Wander himself agreed to the fraudulent objective and intended to bring it about.[74]

---

[73] Adapted from Sand, Instrs. 19-3 to 19-6; 18 U.S.C. § 1349.

[74] See *Countrywide*, 822 F.3d at 658–63; *United States v. Falcone*, 311 U.S. 205, 210–11 (1940); Sand, Instr. 19-6 (mere association, presence, or knowledge insufficient).

## PROPOSED INSTRUCTION NO. 29

### Multiple Conspiracies

Count One charges a single conspiracy. Whether a single conspiracy existed, or instead separate and independent agreements, is a question of fact for you to decide. If the government has proved only separate agreements—for example, separate dealings with separate lenders at different times, involving different participants and different purposes — rather than the single overall conspiracy charged in the indictment, then you must find Mr. Wander not guilty of Count One, unless the government has proved beyond a reasonable doubt that Mr. Wander was a member of the particular conspiracy charged in the indictment.[75]

[75] Adapted from Sand, Instr. 19-5; see *United States v. Berger*, 224 F.3d 107, 114–15 (2d Cir. 2000).

**PROPOSED INSTRUCTION NO. 30**

**Counts Three and Four: Securities Fraud**

**The Statute and the Elements**

Count Four charges Mr. Wander with securities fraud in connection with the sale of cumulative preferred equity interests in 777 Partners LLC and 600 Partners LLC, and Count Three charges a conspiracy to commit that offense. To convict on Count Four, the government must prove beyond a reasonable doubt: first, that in connection with the purchase or sale of a security, Mr. Wander (a) employed a device, scheme, or artifice to defraud, or (b) made an untrue statement of a material fact or omitted a material fact that made what was said, under the circumstances, misleading, or (c) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller; second, that Mr. Wander acted knowingly, willfully, and with intent to defraud; and third, that Mr. Wander knowingly used, or caused to be used, an instrumentality of interstate commerce or the mails in furtherance of the fraudulent conduct.[76]

You need not find all three types of unlawful conduct. Any one is sufficient, but you must be unanimous as to which type of unlawful conduct, and which alleged misstatement or omission, has been proved.[77]

The instructions I have already given you on the distinction between breach of contract and fraud and on specific intent to defraud apply equally to Counts Three and Four. In particular, a representation in a subscription agreement or other contract—such as a representation that there had been no material adverse change in the company's financial condition—can be fraudulent only

[76] Adapted from Sand, Instr. 57-21; Jury Charge at 7204–05, *United States v. Tuzman*, No. 15 Cr. 536 (PGG) (S.D.N.Y. Dec. 22, 2017), ECF No. 706; 15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5.
[77] Adapted from Sand, Instr. 57-21; cf. *Richardson v. United States*, 526 U.S. 813, 817–19 (1999).

if the government proves it was false when made and was made with contemporaneous intent to defraud.

**PROPOSED INSTRUCTION NO. 31**

**Projections, Opinions, and Optimism: No Fraud by Hindsight**

You have heard evidence about financial projections and forward-looking statements made in connection with the Preferred Equity Offering, including projections of future income and statements about anticipated dividends. A projection, forecast, or statement of opinion or expectation is not a statement of fact, and it is not rendered false merely because the projected or expected results did not materialize. Such a statement can be fraudulent only if the government proves beyond a reasonable doubt that, at the time it was made, the speaker did not honestly believe it. Optimism, confidence, and enthusiasm in describing a business—even optimism that proves unwarranted—are not fraud.[78]

You must evaluate each alleged misstatement based on the facts and circumstances as they existed at the time the statement was made—not with the benefit of hindsight. The fact that 777 Partners later suffered losses and defaulted on obligations does not mean that earlier statements about its business, finances, or prospects were false or fraudulent when made. It is not permissible to reason backward from a bad outcome to an inference of fraud.[79]

[78] *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 183–86 (2015) (a statement of opinion is false only if the speaker did not honestly hold the opinion); *United States v. Weimert*, 819 F.3d 351, 355–58 (7th Cir. 2016); *Durland*, 161 U.S. at 313–14.

[79] See *Denny v. Barber*, 576 F.2d 465, 470 (2d Cir. 1978) (Friendly, J.) (complaint may not plead "fraud by hindsight"); *In re Sanofi Sec. Litig.*, 87 F. Supp. 3d 510, 541–43 (S.D.N.Y. 2015).

**PROPOSED INSTRUCTION NO. 32**

**Counts Three and Four: Materiality**

For Counts Three and Four, a misstatement or omission is material only if there is a substantial likelihood that a reasonable investor would have considered it important in making his or her investment decision—that is, only if it would have significantly altered the total mix of information available to the investor. In assessing materiality, you should consider the context of the transaction and the sophistication of the investors, including the information available to them, the diligence they performed or were able to perform, and the disclosures, disclaimers, and risk warnings they received. Generalized statements of optimism, vague expressions of corporate confidence, and ordinary promotional statements are not material as a matter of law.[80]

---

[80] *Basic Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988); *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976); *ECA, Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 197–98 (2d Cir. 2009) (generalized statements of optimism and puffery are not material).

## PROPOSED INSTRUCTION NO. 33

### Count Six: Witness Tampering

### The Statute and the Elements

Count Six charges Mr. Wander with witness tampering in connection with his conversations with Nicholas Bennett, in violation of Title 18, United States Code, Section 1512(b)(1). To convict on this count, the government must prove beyond a reasonable doubt: first, that Mr. Wander knowingly corruptly persuaded another person, or attempted to do so; and second, that he did so with the specific intent to influence, delay, or prevent the testimony of that person in an official proceeding.[81]

### Consciousness of Wrongdoing

The first element requires that Mr. Wander acted "knowingly." For this crime, that word carries a precise and demanding meaning: only a person who is conscious of his own wrongdoing—a person who knows, at the time, that what he is doing is wrongful—can be guilty of witness tampering. Persuasion, by itself, is innocuous, lawful, and not witness tampering. People communicate with potential witnesses for entirely legitimate reasons, and our system of justice does not make it a crime for anyone—including a criminal defendant—to talk to a witness.[82]

An intent to influence testimony is not, by itself, consciousness of wrongdoing. A defendant awaiting trial has an obvious personal interest in what the witnesses against him will say, and hoping that a witness's testimony will be favorable—or even hoping that a witness will not testify at all—is self-interest, not crime. A defendant who honestly and sincerely believed that

[81] 18 U.S.C. § 1512(b)(1); Sand, Instr. 46.09; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 703–06 (2005).

[82] *Arthur Andersen*, 544 U.S. at 703–07 ("persuasion" is "by itself innocuous," and "[o]nly persons conscious of wrongdoing can be said to 'knowingly . . . corruptly persuad[e]'"); *United States v. Veliz*, 800 F.3d 63, 71 n.6 (2d Cir. 2015) (Section 1512 "extends only to persuaders conscious of their wrongdoing" (citation modified)).

his conduct was lawful did not act "knowingly," and you must find Mr. Wander not guilty of Count Six, no matter what he hoped the effect of his words would be.[83]

In deciding whether any persuasion was corrupt, you should consider what, if anything, Mr. Wander actually asked the potential witness to do, and the nature of the relationship between them—including whether Mr. Wander held any position of authority or leverage over the witness, or whether they dealt with one another as friends and equals, free to accept or decline each other's requests. It is not corrupt persuasion for a person to speak with someone who may be a witness, to discuss the case, to give his own account of disputed events, or to profess his innocence. And a defendant who asks nothing of a witness—who makes no request that the witness testify falsely, withhold testimony, invoke a privilege, or do anything else—has not corruptly persuaded that witness.[84]

**Lawful Use of Communications Tools**

You have heard evidence that Mr. Wander communicated with Nicholas Bennett using an encrypted messaging application with an automatic-deletion feature. Using encrypted or automatically deleting messaging applications is lawful, and millions of people use them every day for reasons of privacy having nothing to do with any court proceeding. The use of such an application is not by itself witness tampering.[85]

---

[83] *Arthur Andersen*, 544 U.S. at 703–07 (a specific intent to impede governmental fact-finding is insufficient absent consciousness of wrongdoing).

[84] *United States v. Farrell*, 126 F.3d 484, 488 (3d Cir. 1997); *United States v. Doss*, 630 F.3d 1181, 1190 (9th Cir. 2011) (a non-coercive appeal to a witness holding a privilege, "without more," is "insufficient to establish 'corrupt' as opposed to innocent persuasion"); cf. *United States v. Gotti*, 459 F.3d 296, 343 (2d Cir. 2006) (corrupt persuasion where defendant issued a "command" to a person "over whom he had authority" within an organized-crime hierarchy).

[85] See ECF No. 66 at 13–14 & n.4.

**Ambiguous Conduct**

Finally, if the conduct the government has proved is ambiguous — as consistent with an innocent purpose, such as friendship, loneliness, or a desire for sympathy, as with a corrupt one — then the government has not carried its burden of proving guilt beyond a reasonable doubt, and you must find Mr. Wander not guilty of Count Six.[86]

[86] *Arthur Andersen*, 544 U.S. at 703–07; *In re Winship*, 397 U.S. 358, 364 (1970).

**PROPOSED INSTRUCTION NO. 34**
**Count Six: Venue**

With respect to Count Six, the government must also prove that venue is proper in this District — that is, that the crime charged was committed in the Southern District of New York. Unlike the elements of the offense, venue need be proved only by a preponderance of the evidence, meaning that it is more likely than not. The crime of witness tampering is committed where the prohibited conduct occurs — where the alleged act of corrupt persuasion takes place — not where the official proceeding said to be affected is pending. To find venue proper, you must therefore find it more likely than not that Mr. Wander or Mr. Bennet was present in the Southern District of New York during at least one of the charged communications. The fact that Mr. Wander's trial is pending in this District is not sufficient. If the government fails to prove venue, you must find Mr. Wander not guilty of Count Six.[87]

[87] U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; *Abouammo v. United States*, 146 S. Ct. 1571, 1576–79 (2026) (venue for obstruction offenses lies where the essential prohibited conduct occurs, not where the proceeding intended to be affected is pending); *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999); *United States v. Ramirez*, 420 F.3d 134, 139, 144 (2d Cir. 2005) (venue must be proved by a preponderance of the evidence as to each count).

**PROPOSED INSTRUCTION NO. 35**

**Count Six: Special Finding Regarding Release Status**

The indictment also alleges that the conduct charged in Count Six was committed while Mr. Wander was released pending trial. If, and only if, you find Mr. Wander guilty of Count Six, I instruct you that Mr. Wander committed that offense while he was on pretrial release. The fact that Mr. Wander was on release pending trial is not evidence of guilt of any charged offense and may play no role in your assessment of the elements of any count.[88]

[88] 18 U.S.C. § 3147(1).

**PROPOSED INSTRUCTION NO. 36**

**Good Faith: A Complete Defense to Counts One Through Five**

Good faith on the part of Mr. Wander is a complete defense to the fraud charges in Counts One through Five. If Mr. Wander believed in good faith that he was acting properly — for example, if he honestly believed that the representations made to lenders and investors were true, that 777 Partners owned or would acquire the assets in question, that the lenders were adequately secured, or that shortfalls would be cured and obligations honored — then he did not act with intent to defraud and he cannot be convicted, even if he was mistaken in that belief, even if his judgment was poor, and even if others suffered losses as a result.[89]

An honest mistake in judgment, an honest error in management, carelessness, or even negligence does not rise to the level of criminal fraud. However misleading or deceptive a plan may appear in hindsight, it is not fraudulent if it was devised or carried out in good faith. The law is not violated if a defendant held an honest belief that his conduct was proper, even if that belief ultimately proved to be inaccurate.[90]

Mr. Wander has no burden to prove good faith. The government must prove bad faith — that is, intent to defraud — beyond a reasonable doubt. If the evidence leaves you with a reasonable doubt as to whether Mr. Wander acted with intent to defraud, you must find him not guilty of Counts One through Five.[91]

---

[89] Adapted from Sand, Instr. 57-24; Jury Charge at 7175, *United States v. Tuzman*, No. 15 Cr. 536 (PGG) (S.D.N.Y. Dec. 22, 2017), ECF No. 706; *United States v. Goldstein*, 442 F.3d 777, 781–82 (2d Cir. 2006).

[90] *Ferguson*, 676 F.3d at 280 (a plan devised or carried out in good faith is not fraudulent, however misleading or deceptive it may prove); *United States v. Afriyie*, 929 F.3d 63, 68 (2d Cir. 2019) (the law is not violated where the defendant honestly believed his acts were proper).

[91] Adapted from Jury Charge at 3219, *United States v. Milton*, No. 21 Cr. 478 (ER) (S.D.N.Y. Oct. 14, 2022), ECF No. 248; Sand, Instr. 57-24.

Dated: October 2, 2026

Respectfully submitted,

*/s/ Jordan Estes*
Jordan Estes
Dani R. James
Michael Martinez
Samuel Raymond
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
JEstes@gibsondunn.com
DJames@gibsondunn.com
MMartinez2@gibsondunn.com
SRaymond@gibsondunn.com

*Attorneys for Joshua Wander*